THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLIFTON SWIFT *et al.* Plaintiffs in Error.

*Opinion filed December 16, 1925—Rehearing denied Feb. 3, 1926.*

1. CRIMINAL LAW—*when officer making arrest may search the person without a warrant.* An officer who has reasonable ground for believing that the person arrested is implicated in a crime has the right to arrest without a warrant and without a search warrant search the person arrested.

2. SAME—*when a confession may be admitted in evidence.* A confession cannot be received in evidence where the prisoner has been influenced by a threat or promise, as the law cannot measure the force of the influence used or decide upon its effect on the mind of the prisoner, but if in the testimony in regard to the making of the confession there are sufficient facts and circumstances proved to show that it was freely and voluntarily made, it is not an abuse of judicial discretion to admit the confession although there may be some evidence of a threat or promise.

3. SAME—*when defendant cannot object to admission of confession of co-defendant.* A defendant who has not asked for a separate trial cannot object to the admission in evidence of a confession of a co-defendant where the evidence is by proper instructions limited to the co-defendant making the confession.

4. SAME—*when evidence of another offense is admissible.* Evidence which is material to prove the crime charged is not open to the objection that it discloses a distinct and separate offense on the part of the defendant, and the test of admissibility of such evidence is whether it fairly tends to prove the offense charged.

5. SAME—*when evidence of theft of automobile is admissible to prove robbery.* Evidence of the theft of an automobile is admissible in a prosecution for robbery of a bank where the car is identified as the one used by the robbers and where the defendants, who were identified as the men who robbed the bank, were registered at a hotel in the city where the car was stolen the night before the theft.

6. SAME—*when State's attorney may comment on defendant's failure to produce witness as to alibi.* Where the defendant in a prosecution for robbery testifies that on the night of the day before the robbery, and until after the time of the commission of the crime, he stayed at the house of a woman whom he did not know and whom he had met on the street and that he did not know the exact location of the house, the State's attorney in his argument

may refer to the defendant's failure to produce the woman as a witness to his alibi, as the defendant's own testimony is an attempt to account for his failure to produce the witness, and it is not error for the State's attorney to comment on that testimony.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. WILLIS F. GRAHAM, Judge, presiding.

GEORGE W. SPRENGER, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, G. RAY SEN-IFT, State's Attorney, EDWARD C. FITCH, C. E. CHIPER-FIELD, and B. M. CHIPERFIELD, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error, with Faustino Guerrero, were indicted by the grand jury of Fulton county on the charge of robbing the People's State Bank of Vermont, Illinois. The indictment consisted of eight counts. Certain counts were quashed on motion, and on a ruling to elect the People chose to go to trial on the first, second, sixth and seventh counts. The substance of these counts is robbery of the bank with a gun, and assault with a gun upon the cashier, Ross Mercer, and robbing him of the sum of $1000 of the money of the bank. Guerrero was not tried. Plaintiffs in error were convicted and bring the cause here for review, assigning numerous errors.

About two o'clock P.M. on November 24, 1924, three men appeared on Main street, in Vermont, in an automobile. They stopped the car about a half-block from the People's State Bank. Two of the men got out and entered the bank with drawn revolvers and ordered those present to throw up their hands. Both men were unmasked. Those in the bank at the time were Ross Mercer, the cashier, his sister, Blanche Mercer, and Harry Chick, teller. While the bandits were in the bank Mrs. Jennie Moorehouse, a patron of the bank, came in. Ross Mercer, Blanche Mercer, Harry Chick and Mrs. Moorehouse were all ordered to enter the

vault of the bank. Thereafter the bandits rifled the safe and took something over $2200 in money and over $125,000 in Liberty bonds and other negotiable securities. Plaintiff in error Morgan was identified by the bank teller, Harry Chick, and Mrs. Moorehouse. Mercer, the cashier, and Blanche Mercer, identified plaintiff in error Swift as the man who ordered them to put up their hands and ordered them into the vault.

A number of witnesses testified that a car was seen standing within a half-block of the bank during the time of the robbery, with the motor running, and that a man was in the car. A few days thereafter an automobile belonging to Fred Brewer, of LaSalle, Illinois, was found abandoned on the streets of the city of Peoria. Detective Fred Montgomery, of Peoria, testified that upon examining the car he found some tools, a money wrapper with a five-hundred-dollar sign on it, and an envelope bearing the name of the People's State Bank of Vermont. It appeared in evidence, also, that this car had been stolen from Brewer in LaSalle a few days before that time. The State's evidence also is that Swift and Morgan registered at one of the hotels in LaSalle on the night of the theft of the automobile.

On November 27 several police officers of Peoria arrested plaintiffs in error and Guerrero at the residence of Grace Crosley, in the city of Peoria. Several officers were stationed about the house. The testimony of officer Montgomery is that when he entered the house Swift ran into a bed-room with a gun in his hand, and that a revolver was later found under the bath-tub in the bath-room adjoining. Swift attempted to climb out of one of the windows but was stopped by one of the officers outside. Swift and Morgan were later identified by the officers of the bank and Mrs. Moorehouse at the jail in the city of Peoria. Several hundred dollars were found in the possession of Morgan, and some days later Grace Crosley called up the police station in Peoria and informed the police officers that she had dis-

covered a roll of bills in a drawer in the bed-room into which Swift had disappeared as the officers entered the house. She testified that the room had not been used and that the money did not belong to her. Swift later made a confession to the sheriff of Fulton county and gave information by which $127,000 in Liberty bonds and other negotiable securities were recovered in a corn-field not far from Vermont. During the selection of the jury to try the cause, and after three jurors had been accepted by both sides, plaintiffs in error moved for the return of the money taken from Morgan and Grace Crosley on the ground of illegal search and seizure, and the motion also prayed the suppression of the money as evidence. The court denied the motion for return of the money.

Counsel for plaintiffs in error on the trial of the cause also objected to testimony of the sheriff of Fulton county concerning the confession made by Swift, on the ground that it was not voluntary but was made under promise of leniency by a deputy sheriff, a son of the sheriff. On examination of witnesses pertaining to this statement, out of the presence of the jury, Swift testified that the son of the sheriff told him that if he would take a plea of guilty he could probably get a sentence of from one to fourteen years. He admitted, however, that the State's attorney was present at the time his statement was made and told him that no promise would be made and that anything that he said would be used against him. Both the sheriff and his son deny emphatically that any promise whatever was made, and the court overruled the objection to the evidence concerning this confession, but as the testimony showed it was made out of the presence of the co-defendant, Morgan, it was limited in its admission to Swift, only.

Plaintiffs in errors' principal contentions are: First, that the court erred in refusing to order the return of the money; second, in admitting the confession of Swift; third, in admitting evidence of the theft of the car in LaSalle;

and fourth, in giving erroneous instructions to the jury. It is also urged as error that the State's attorney made prejudicial remarks in argument to the jury.

Concerning the first objection, plaintiff in error Morgan contends that he was illegally searched by the officers without a search warrant, and that the court should therefore have ordered a return of the money. The evidence of the State is that the plaintiffs in error were arrested on suspicion that they were involved in the bank robbery and that the officers searched both men when they arrested them. It is the rule in this State, and generally, that where an arrest is made by an officer who has reasonable ground for believing that the person arrested is implicated in a crime, such officer has a right to arrest without a warrant and to search the person arrested without a search warrant. (*Lynn* v. *People,* 170 Ill. 527; *North* v. *People,* 139 id. 81; *Gindrat* v. *People,* 138 id. 103; 5 Corpus Juris, 434.) It was also contended that there was an illegal search of the premises of Grace Crosley. This is not borne out by the evidence, which is, as we have seen, that Grace Crosley called the police officers and stated that she had found money in the room into which Swift had disappeared when the officers entered her house. She also testified that neither Swift nor Morgan had rented that room but it was one of her own rooms. This does not constitute evidence of unwarranted search of the premises. Regardless of any right which plaintiffs in error had or did not have in a proper proceeding to have the money returned to them, the court did not err in denying the motion for return of the money and suppression as evidence. The money, however, was not used as evidence in the case.

The next error relates to the admission of evidence of the confession of Swift. The rule is that a confession may never be received in evidence when the prisoner has been influenced by a threat or promise, for the reason that the law cannot measure the force of the influence used or de-

cide upon its effect on the mind of the prisoner. If in the testimony there are sufficient facts and circumstances proven to show that the confession was freely and voluntarily made, it is not an abuse of judicial discretion to admit before the jury evidence of the confession although there may be some evidence of threats or promises. (*Bartley* v. *People*, 156 Ill. 234.) In this case the statement of Swift was denied by the sheriff and his son. The court examined witnesses concerning the making of the confession and found that it was voluntarily made. We would not be warranted in disturbing that finding. Evidence of the confession,. therefore, was properly admitted.

It is, however, urged that the confession, if competent as against Swift, tried alone, was incompetent in this case as to Morgan because it was not made in his presence, and that although the court specifically held and instructed the jury that it was to be admitted as against Swift, only, yet the influence of it could not fail to be prejudicial as to Morgan. No motion for separate trial was made by Morgan, and it would be a strange rule of law to say that by failing to make a motion for a separate trial one co-defendant could keep out of the record evidence of the confession of another co-defendant on the ground that if admitted it would prejudice the objector. The rule is that evidence of admissions or confessions of a co-defendant is competent on a joint trial where such evidence is limited in its application by the ruling of the court and by instructions to the co-defendant making the confession or admission. *People* v. *Buckminster*, 274 Ill. 435; *People* v. *Anderson*, 239 id. 168; *Crosby* v. *People*, 137 id. 325; *Ackerson* v. *People*, 124 id. 563.

It is next urged that it was error to admit evidence of the stealing of the automobile in LaSalle on the ground that it is proof of a separate and distinct offense. The general rule is that evidence of a distinct and separate offense can not be admitted on the trial of one charged with crime.

(*People* v. *Jennings,* 252 Ill. 534; *Addison* v. *People,* 193 id. 405; *Farris* v. *People,* 129 id. 521.) There are, however, certain well-defined exceptions to this rule. One is, where the evidence is material to prove the crime charged such evidence is not open to the objection that it discloses a distinct and separate offense on the part of the defendant. (*People* v. *Hagenow,* 236 Ill. 514; *People* v. *Spaulding,* 309 id. 292.) The test of admissibility of evidence of another offense is whether it fairly tends to prove the particular offense charged in the indictment. (*People* v. *Jennings, supra;* 1 Wigmore on Evidence, sec. 216.) In this case the car, which the evidence shows was Brewer's car, was identified by different witnesses as the car that was in Vermont at the time of the robbery. It was the car in which the envelope bearing the name of the People's State Bank of Vermont and the currency band were found. Plaintiffs in error were registered at a hotel in La-Salle the night before the car was stolen and were identified as the men who robbed the bank. The evidence of the theft of the car tended to corroborate the testimony of those who identified plaintiffs in error and the car as having been in Vermont, and it was not error to admit it.

It is also contended that errors were committed in instructing the jury and in the modification of instructions offered by plaintiffs in error. We have examined the instructions and are of the opinion that the jury were properly instructed as to the law.

Finally it is contended that the State's attorney made prejudicial remarks in his address to the jury by commenting on the fact that Morgan had no witnesses to prove his defense of alibi. The language objected to was to the effect that if Morgan had been at the places where he said he was at the time of the commission of the offense there would be witnesses available to support his story. The rule is that a defendant is not bound to produce any witnesses, and where he does not testify to any attempt on his part

to secure witnesses or as to his failure to secure them, it is error to comment on his failure so to do. (*People* v. *Langzem*, 307 Ill. 56.) In this case Morgan, in accounting for his whereabouts, declared that during the night of the day before the robbery, and until about 1:30 o'clock P.M. of that day, he stayed at the house of a woman whom he did not know and whom he had met on the streets of Peoria; that he did not know where the house was located; that it was about a block from Main street. The purpose of this evidence evidently was to account for his failure to produce the woman referred to, and his testimony in that regard was a proper subject of comment on the part of counsel representing the State, and counsel's remarks do not come within the rule referred to.

The record contains no reversible error, and the judgment will be affirmed.

*Judgment affirmed.*