**Ora Williams, Plaintiff in Error, v. Charles E. Thady, Defendant in Error.**

**Gen. No. 8,259.**

Opinion filed January 24, 1929.

WILLIAM N. HAIRGROVE, for plaintiff in error.

JOHN A. McKEENE and R. M. RIGGS, for defendant in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Ora Williams, plaintiff in error, brought his action in trespass in the circuit court of Scott county against defendant in error. On a trial of the case a verdict and judgment were rendered in favor of the defendant in error.

In the first count of the declaration it is charged that the defendant on the 16th day of July, 1927, with force and arms and by brandishing and flourishing certain firearms assaulted the plaintiff, laid hold of him and with great violence pulled and dragged him about in his dwelling, forced him out thereof, compelled him to go in and along the public streets of the village of Exeter and along a public highway leading from said village to the City of Winchester and along the public streets of Winchester to the county jail where he was imprisoned without any reasonable or probable cause or lawful process and so detained as a prisoner for 44 hours. In the second or additional count, after setting out the aforementioned averments, it is also alleged that the defendant committed the acts unlawfully and without warrant or process from any court and without reason to believe that the plaintiff had committed a felony and when the latter had committed no offense in defendant's presence and that said acts were done by defendant wantonly and maliciously, etc. The defendant filed three pleas, the first being a plea of the general issue. The third is a special plea in which it is averred that plaintiff, before the day in question, unlawfully had in his possession in his residence in Exeter certain intoxicating liquor containing more than one-half of one per cent of alcohol by volume, in violation of the Illinois Prohibition Act, and

shortly before said time had unlawfully sold said intoxicating liquor, in violation of said act, and on the 16th day of July, 1927, one George E. Mann informed the defendant that the plaintiff unlawfully had in his possession certain intoxicating liquor, in violation of said act, and that he had bought from the plaintiff, on the residence premises of the plaintiff in Exeter, four drinks of whisky and that said whisky was drunk in the house of the plaintiff on his said residence premises; by reason of which the defendant at the said time had good and probable cause to suspect, and did strongly suspect, the plaintiff to have been guilty of the said crimes above mentioned in this plea; wherefore the defendant, who was then sheriff of said county, on said day went to said residence of plaintiff and there gently laid his hands on the plaintiff and arrested him, there then being danger that he would otherwise escape, and conveyed him to Winchester, the county seat of said county, where the defendant arrived with the plaintiff after nightfall on said day, the same being Saturday, wherefore the defendant, as such sheriff, did confine the plaintiff in the county jail until the morning of Monday, July 18, 1927, at which time an information was filed in the county court against plaintiff charging him with the crime of unlawfully having in his possession said certain intoxicating liquor in violation of said act, and on the filing of said information the county judge fixed the bail of the plaintiff at $1,000, which was given about two o'clock on said day, and he was released from custody; that afterwards on August 1, 1927, an amended information was filed in said county court against the plaintiff, charging him with the crime of unlawfully having in his possession certain intoxicating liquor containing more than one-half of one per cent of alcohol by volume, in violation of said act, and also charging him with the crime of unlawfully selling

said intoxicating liquor, in violation of said act, and that said information and said amended information are now pending and undetermined in said county court.

The amended second plea alleges, in substance, that, shortly before the time of the arrest, the plaintiff unlawfully and wilfully did possess, for the purpose of sale, certain intoxicating liquor in violation of said act, and did unlawfully and wilfully sell said liquor in violation of said act, and that on the 16th day of July, 1927, one George E. Mann informed the defendant that the plaintiff so unlawfully had in his possession, for the purpose of sale, certain intoxicating liquor in violation of said act and that said Mann had bought from the plaintiff, on said residence premises, four drinks of whisky, which were drunk in the house of the plaintiff on said premises, and that defendant, in good faith, believed the said statements of the said Mann to be true and had good and reasonable cause and ground to believe and did believe that plaintiff was guilty of and had committed the said crimes above mentioned, wherefore the defendant, as sheriff, arrested him, etc.

To the last plea mentioned the plaintiff filed a replication in which he avers that defendant did not arrest him because of information and belief that plaintiff had committed a criminal offense, as in said plea alleged, because the defendant at said time was then and there acting under the pretended authority of a certain search warrant issued out of the county court directing him, in the name of the People of the State of Illinois, to search certain property therein particularly described and seize and bring certain property therein described and all persons in whose possession it was found, which said real estate so described was not the real estate that said defendant searched at the said time, etc.

Exeter is a very small town, having about 100 inhabitants. The evidence shows that a search warrant was delivered to the defendant, as sheriff, authorizing him to search the home of Ora Williams in Exeter. The house is described as being on the west side of Center street in said town, when, as a matter of fact, the house was located on the east side of Center street. George E. Mann was an investigator acting under the direction of the sheriff and State's attorney and had told defendant of the purchasing of whisky in the house of the plaintiff and on the day in question, the sheriff having the search warrant in his possession and taking three men with him, went to the home of plaintiff, which he found to be on the east side of Center street instead of on the west side thereof as set out in the search warrant. The plaintiff came to the door and while talking with the defendant his wife and son began breaking jugs containing intoxicating liquor in the house. The house consisted of one room and this was done in plain view of the defendant. Defendant then arrested the plaintiff and told him to get into the automobile, in which he was brought to Winchester. The defendant also took from the house one of the jugs containing whisky. There is no evidence of any kind, that the plaintiff was in any way or manner physically abused, either at the time, on the way to the jail or after he arrived there. A number of witnesses testified that the general reputation of the plaintiff as a law-abiding citizen in the neighborhood where he resided was bad.

The theory of the defendant in error is that he had a right to make the arrest without a warrant where he had reasonable grounds for believing that plaintiff had committed a crime. He testified that he knew of the bad reputation of the plaintiff and had been informed by Mann of the violations of the Prohibition Act by him and claims that he had a right to make the arrest without any search warrant.

In the case of *People v. Swift*, 319 Ill. 359, it was said:

"Concerning the first objection, plaintiff in error Morgan contends that he was illegally searched by the officers without a search warrant, and that the court should therefore have ordered a return of the money. The evidence of the State is that the plaintiffs in error were arrested on suspicion that they were involved in the bank robbery and that the officers searched both men when they arrested them. It is the rule in this State, and generally, that where an arrest is made by an officer who has reasonable ground for believing that the person arrested is implicated in a crime, such officer has a right to arrest without a warrant and to search the person arrested without a search warrant. (*Lynn v. People*, 170 Ill. 527; *North v. People*, 139 id. 81; *Gindrat v. People*, 138 id. 103; 5 Corpus Juris, 434.) It was also contended that there was an illegal search of the premises of Grace Crosley. This is not borne out by the evidence, which is, as we have seen, that Grace Crosley called the police officers and stated that she had found money in the room into which Swift had disappeared when the officers entered her house. She also testified that neither Swift nor Morgan had rented that room but it was one of her own rooms. This does not constitute evidence of unwarranted search of the premises."

In the case of *People v. Scalisi*, 324 Ill. 131, it is held:

"By paragraph 681 of the Criminal Code in this State an arrest may be made by an officer or by a private person without warrant for a criminal offense committed or attempted in his presence, and by an officer when a criminal offense has in fact been committed and he has reasonable ground for believing that the person to be arrested has committed it. . . . As in this State a criminal offense consists in a violation of public law, in the commission of which there shall be a union or joint operation of act and inten-

tion or criminal negligence and may be either a misdemeanor or a felony, the term 'criminal offense' in paragraph 681 must be held to include misdemeanors as well as felonies, and thereby the right of officers to make arrests is much greater than at common law."

There was no plea attempting to justify the arrest by virtue of a search warrant and the declaration does not allege any cause of action based thereon. The question of the legality of the search warrant was not an issue in the case except as it might be raised by the replication of the plaintiff to defendant's second amended plea, wherein it is averred that the defendant in error made the arrest by virtue of a defective search warrant instead of a reasonable belief that plaintiff in error had committed a crime. This question of fact was submitted to the jury upon proper instructions to which no exception has been taken.

Our attention has been called to the case of *Pearson v. Zehr*, 138 Ill. 48, but the principle involved in that case related to the power of the Live Stock Commissioners under the statute to perform certain acts with reference to live stock and it has no bearing on the question here involved, which concerns the power of the sheriff to make arrests without a warrant where he has good reason to believe a criminal offense has been committed.

. No other errors have been presented to this court for review and the judgment of the circuit court is affirmed.

*Judgment affirmed.*