(No. 35271.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BERNARD EPHRAIM, Plaintiff in Error.

*Opinion filed November 18, 1959.*

BERNARD EPHRAIM, *pro se.*

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, and WILLIAM H. SOUTH, Assistant Attorneys General, and FRANCIS X. RILEY, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

On March 8, 1950, Bernard Ephraim was sentenced to the penitentiary for a term of not less than twenty nor more than thirty-five years on a conviction of burglary in the criminal court of Cook County. His conviction was affirmed by this court upon a writ of error reviewing the common-law record in *People* v. *Ephraim,* 411 Ill. 118. Seven years later, the dismissal of his petition in the nature of a writ of error *coram nobis* under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1955, chap. 110, par. 72) was

affirmed by this court in *Ephraim* v. *People,* 13 Ill.2d 456.

He now brings his case to this court under the provisions of Rule 65—1(2) (Ill. Rev. Stat. 1957, chap. 110, par. 101.65—1) and, since the record discloses that he demanded a free transcript of the record at his original trial, we have granted this writ of error. *People* v. *Griffin,* 9 Ill.2d 164.

He contends that the court erred in failing to bring him to trial within the four-month period as required by section 18 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1949, chap. 38, par. 748;) that although the record recites his consent to the several continuances shown therein, thereby tolling the running of the four-month period, these court records were fraudulently entered by the clerk. He argues that the record shows he was held in custody from September 28, 1949, to the date of his trial on February 20, 1950, during which time he was available and ready for trial. Although this same contention was considered in his last appeal (*Ephraim* v. *People,* 13 Ill.2d 456) we have carefully reviewed the record and find that it contradicts each of his unsupported assertions. It shows that from September 28, 1949, to the date of his trial there were 18 separate proceedings, all of which were either at his insistence or conducted in his behalf. The delays having been occasioned by himself, the statute does not apply. *People* v. *Hartman,* 408 Ill. 133.

He further contends that the trial court erred in refusing to call the complaining witness as a court's witness or as defendant's witness and also erred in denying in open court before the jury that the judge had made a "deal" with the defendant. Not only is the record barren of any factual basis supporting these contentions but also the parts of the record he has abstracted in an abortive attempt to distort the sequence of events fail to accomplish their purpose.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*