(No. 36703.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GERALD WILLIAMS, Plaintiff in Error.

*Opinion filed March 22, 1963.*

JOHN J. CROWN and JOHN C. TUCKER, both of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Gerald Williams, was jointly indicted with Fairleigh Gray and James Williams for the armed robbery of a gasoline service station, and at a jury trial which followed in the criminal court of Cook County, defendant and Gray were jointly tried and convicted as charged, the former being sentenced to a prison term of from three to twelve years. Upon writ of error he alleges, among other things, that the trial court erred in failing to discharge him under the four-months statute. Ill. Rev. Stat. 1959, chap. 38, par. 748.

The common-law record indicates that defendant was arrested on December 31, 1960, and was indicted on January 24, 1961. At the arraignment on January 31, 1961, Attorney George Uretz appeared as counsel for defendant and the cause was continued on the court's motion until March 13, 1961. Upon motion of the State's Attorney, the matter was subsequently continued to April 10, 1961, and by the court's motion it was further continued, first to April 11 and then to April 17, 1961. On the latter date the clerk's entry shows a continuance until April 19, 1961, "by express consent and agreement between the State's Attorney, Counsel for the People, and the Defendant, Gerald Williams, and his counsel now here given and made in open court." At the hearing on April 19, defendant demanded an immediate trial but the cause was again continued upon the court's motion until May 23, 1961, at which time Uretz withdrew as counsel for defendant and new counsel entered their appearance. The latter filed a petition for defendant's discharge alleging that neither defendant nor his attorney were present at the April 17 hearing, and therefore could not have agreed to a continuance as shown by the common-law record.

At a hearing held to consider the petition for discharge, a stenographic transcript of the April 17 proceeding, (duly certified by the presiding judge,) was introduced showing the appearance of counsel for James Williams and Fairleigh Gray but no appearance of either defendant or his counsel, George Uretz. The transcript further indicated that when the case was called on April 17, James Williams moved for a severance, whereupon his case was continued until April 19, and counsel for Gray requested a similar continuance. The judge then inquired about defendant, Gerald Williams, and was informed by Gray's counsel that the case against both Gray and Gerald Williams should be continued until April 19 by agreement.

Upon denial of the petition for discharge, defendant

moved to vacate such order, and in support thereof called Gray's counsel to testify concerning the April 17 proceeding. The attorney, an assistant public defender, acknowledged that he had asked the court on that date to continue the matter as to both Gray and Gerald Williams but admitted that he did not represent Gerald Williams, or have any authority from him or his counsel to so act upon Gerald's behalf. Nevertheless, the judge refused to vacate his prior order and the matter was called for trial on June 26, 1961. Thereafter defendant moved to correct the common-law record insofar as it showed a continuance by his agreement on April 17, but upon hearing such relief was also denied.

Section 18 of division XIII of the Criminal Code (Ill. Rev. Stat. 1959, chap. 38, par. 748) provides that any person accused of a criminal offense, who is neither admitted to bail nor tried within four months from the date of incarceration, shall be discharged upon petition unless the delay is occasioned by the prisoner, or unless an extension of not more than 60 days has been granted the State to procure additional evidence. Where, however, the accused has sought and obtained a continuance within the period in question, or agreed to such a continuance, or by his own action in any way caused the delay of the trial, the four-months period is temporarily suspended and he is not entitled to discharge. *People* v. *Rankins,* 18 Ill.2d 260; *People* v. *Ephraim,* 17 Ill.2d 527; *People* v. *Tamborski,* 415 Ill. 466; *Healy* v. *People,* 177 Ill. 306.

Defendant was incarcerated from December 31, 1960, until his trial commenced on June 26, 1961, and unless he did consent to the continuance granted April 17, 1961, he is entitled to discharge. Although the common-law record imports verity and is presumed correct, where other facts appearing in the bill of exceptions are contradictory, this court will consider the matter upon the record as a whole. (*People* v. *Wyatt,* 24 Ill.2d 151; *People* v. *House,* 10 Ill.2d

556.) It is clear that neither the defendant nor his attorney were present at the hearing of April 17, and it is equally clear that the assistant public defender, who requested a continuance for both his client and defendant, had no authority to so bind the latter. Although in his argument before the trial court, the assistant State's Attorney alluded to a telephone conversation where attorney Uretz allegedly requested the assistant public defender to appear for him at the hearing, Uretz denied there ever was such a conversation and the State failed to offer any proof of such authorization. We are not unmindful of the rule that a defendant may waive his right to a speedy trial by failing to object to delays occasioned by another with whom he is jointly indicted and tried, (*People* v. *Meisenhelter,* 381 Ill. 378,) but the rule cannot be applied where, by his complete absence from the proceedings, the accused had no opportunity to object. In this respect it should be noted that on April 19, 1961, defendant did demand an immediate trial but was refused.

Neither the State's Attorney nor the trial court, may, in the defendant's absence, ascribe to him a motion for continuance which he did not make. *People* v. *Wyatt,* 24 Ill.2d 151; *People* v. *House,* 10 Ill.2d 556.

In our opinion the continuance of April 17, 1961, cannot be attributed to the defendant so as to toll the running of the four-months period, and we hold the trial court erred in failing to grant his petition for discharge. Accordingly, the judgment of the criminal court of Cook County is reversed and the cause is remanded with directions to enter an order discharging plaintiff in error.

*Reversed and remanded, with directions.*