People of the State of Illinois, Defendant in Error, v. Fairleigh Gray (Impleaded), Plaintiff in Error.

Gen. No. 49,540.

First District, Third Division.

September 24, 1964.

Rehearing denied October 22, 1964.

John J. Crown and Eugene T. Noonan, both of Chicago, for plaintiff in error.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney, of Chicago, Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This case is before us on a writ of error to review a judgment of the criminal court of Cook County entered on a jury verdict finding the defendant, Fairleigh Gray, guilty of armed robbery and sentencing him to not less than ten (10) years nor more than twenty (20) years in the state penitentiary.

Defendant contends (1) that he should have been discharged pursuant to his petition under the "Fourth Term Act" (Ill Rev Stats 1959, c 38, § 748); (2) that the court erred in failing to grant his motion for a mistrial which motion was based on an alleged improper statement made by the trial judge when he outlined the nature of the case to the veniremen, to-wit:

> "Now, ladies and gentlemen of the jury, we will start this discussion by notifying you of the charge. The charge is robbery, common robbery with a shotgun. Armed robbery, an ordinary rob-

180

bery, when it is perpetrated, [sic] weapon of any kind, *as this one was,* is called armed robbery." (Emphasis added.)

which statement prejudiced the defendant by relieving the state of its burden of establishing the corpus delicti; (3) that the defendant was prejudiced by the irrelevant testimony of People's witness, Officer Grissett, concerning the number of police officers used to capture the defendant and the way in which such officers were armed; (4) that defendant was prejudiced by improper remarks made by the assistant State's Attorneys during defense counsel's cross-examination of People's witness, Officer Grissett; (5) that defendant was prejudiced by the display allegedly made by Officer Grissett during the testimony of alibi witness Donald Montgomery (throwing his arms in the air, moaning in disbelief, and then prostrating himself upon the bench rocking with laughter), and (6) that the prosecution's closing argument was improper in that it was vituperative and inflammatory and highly prejudicial to the defendant.

Regarding defendant's first contention, the State alleges that the running of the "fourth term" was tolled by a continuance by agreement of the parties.

The "Fourth Term Act" is in pertinent part as follows:

"748. Discharge for want of prosecution. sec 18. Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the *delay shall happen on the application of the prisoner,* or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable grounds to believe that such evidence

181

may be procured at a later day in which case the court may continue the cause for not more than sixty (60) days. . . ." (Ill Rev Stats 1959, c 38, § 748.) (Emphasis added.)

██ It has been held that a continuance by agreement of the parties is a *delay on the application of the prisoner* and under the statute, such a delay temporarily suspends the running of the four month period. (People v. Williams, 27 Ill2d 327, 329, 189 NE 2d 314; Healy v. People, 177 Ill 306, 309, 52 NE 426.)

Defendant argues that there was no valid continuance by agreement of the parties as neither he nor his attorney was present in court when the order was entered. In support of this argument defendant alleges that George Uretz filed his appearance as attorney for the defendant on January 31, 1961, and that Mr. Uretz did not withdraw from the case until May 26, 1961, at which time the Public Defender was appointed by the court to represent the defendant. That the continuance by agreement was entered into by Mr. Chester Majewski of the Public Defender's office on April 17, 1961, and that Mr. Majewski had no authority to represent the defendant as the defendant was still represented by Mr. Uretz and no appearance was on file for Mr. Majewski.

██ Defendant has the burden of showing that the delay was not attributable to him. With the exception of the reference to the crime charged, the following language from People v. Emblen, 362 Ill 142, 144, 190 NE 281, is equally applicable to the case at bar:

"To sustain the allegations of the petition and authorize his discharge, it was incumbent on the defendant to show, in substance, that he was committed for the criminal offense of assault with intent to kill, had not been admitted to bail, had

182

not been tried by the court having jurisdiction of the offense within four months of the date of his commitment, and that *the delay had not happened on his application."* (Emphasis added.)

Defendant failed to meet his burden. The common law record recites the presence of both the defendant and his counsel on the day the continuance by agreement of the parties was entered (April 17, 1961), and the order of court reads as follows:

"And by express consent and agreement between the State's Attorney, counsel for the People, and the said Defendent, Fairleigh Gray, and his counsel now here given and made in open Court, it is ordered by the Court that this cause be and the same is hereby continued until Wednesday, April 19, A.D. 1961, without subpoenas."

The April 17, 1961, report of proceedings under the heading "Appearances" shows the following: "Mr. Gerald W. Getty, Public Defender, by Mr. Chester Majewski, on behalf of defendant Fairleigh Gray."

Defendant chose to adopt the bill of exceptions in the companion case of People v. Williams, 27 Ill2d 327, 189 NE2d 314. That bill of exceptions shows certain proceedings had on April 10, 1961, relating to indictments 61–265, 61–266, and 61–278 (the indictment in the instant case). Although there is some confusion as to what indictment was under discussion, Mr. Uretz asked leave of court to withdraw as counsel for Fairleigh Gray without clarifying the indictment to which he was referring, and the court said: "Motion of counsel to withdraw as to Fairleigh Gray allowed; Public Defender appointed as counsel. Public Defender, Mr. Majewski, appointed to represent Fairleigh Gray." When he presented his motion under the "Fourth Term Act," defendant did not produce Mr. Uretz as a witness in support of his contention that

Mr. Uretz had not withdrawn as his attorney on the indictment in the present case. Further, if by the April 10, 1961 order of court, Mr. Majewski was not given the authority to represent Fairleigh Gray on the indictment in the instant case, since the common law record shows defendant's presence in court on April 17, it was incumbent upon him to object to the alleged unauthorized representation by Mr. Majewski in agreeing to a continuance.

█ Defendant relies on People v. Williams, 27 Ill 2d 327, 189 NE2d 314, for the proposition that although the common law record imports verity and is presumed correct, where other facts appearing in the bill of exceptions are contradictory, a court of review should consider the matter upon the record as a whole. In the Williams case, which is a companion to the instant case, the Supreme Court reversed the judgment of the criminal court and remanded the cause with directions to enter an order discharging the defendant in accordance with his petition under the "Fourth Term Act."

The common law record in the Williams case also recites the presence of Williams and his counsel in court on April 17, 1961, and the language of the order continuing the case by agreement is identical to that quoted from the common law record in the present case except for the substitution of the name, "Gerald Williams" for the name "Fairleigh Gray." There the similarity ends. The report of proceedings does not show the appearance of Mr. Majewski or anybody else for Gerald Williams, whereas it does show Mr. Majewski's appearance for the present defendant. Mr. Uretz did not attempt to withdraw as counsel for Williams in any of the indictments prior to April 17, 1961, but he did withdraw on April 10, 1961, as counsel for defendant Gray as to one indictment. The inmate record card for Williams was subpoenaed from the

warden of the county jail and was read into the record at the time of the hearing of Williams' petition under the Fourth Term Act. The record card showed that Williams had not left the county jail on April 17, 1961. This overcame the presumption of correctness of the recitation in the common law record of Williams' presence in court on that date. Although defendant Gray's inmate record card was also subpoenaed it was not read into the record, and while the attorney for Williams made a motion to correct the common law record, no such motion was made by the attorney for defendant. The defendant was being held under several indictments. The bill of exceptions shows that Mr. Uretz withdrew as attorney for Gray. The defendant Gray has not met the burden of showing that Mr. Uretz did not withdraw in the instant case, and therefore the bill of exceptions does not contradict the common law record, which imports verity. Additionally, although it is not determinative, the Supreme Court in People v. Williams, 27 Ill2d 327, 189 NE2d 314, repeatedly referred to the actions of Mr. Majewski on April 17, 1961 as the actions of "counsel for Gray."

█ Under these circumstances, defendant has failed to meet his burden of proof. The common law record shows that there was a delay on April 17, such delay being by agreement of the parties. The record as a whole fails to establish that such a continuance was unauthorized. A continuance by agreement of the parties being a *delay on the application of the prisoner,* defendant's contention under the "Fourth Term Act" must fail.

██ Regarding defendant's complaint about the trial judge's statement outlining the nature of the case to the veniremen, we fail to see how such statement prejudiced the defendant. The trial judge said that when a robbery is perpetrated with a weapon "as

185

this one was" it is called an armed robbery. It is obvious to us, as it must have been to the veniremen, that the judge was not telling the jury that an armed robbery had in fact been committed, but that he was explaining what the state was alleging. A motion for a mistrial based upon this statement was overruled. The court offered to correct any false impression it may have given to the veniremen, but attorney for defendant objected to any further comment about the incident. If there was any error in the statement, it could have easily been corrected by the judge. Defendant cannot object to such correction and then assign the statement as error on appeal.

One of the many instructions given by the court at the close of the case relating to the burden of proof reads as follows:

> The court instructs the jury that the burden of proving beyond all reasonable doubt every material allegation necessary to establish the defendant's guilt rests upon the State throughout the trial, and the burden of proof never shifts to the defendant.

This instruction combined with the language appearing in another instruction, "The court instructs the jury that in this case he has not expressed, and does not in any of these instructions express, any opinion of the facts of the case . . ." should have corrected any erroneous impression as to the judge's opinion left in the minds of those jury members present when the trial judge made his statement to the veniremen outlining the nature of the case. It is our opinion that no reversible error resulted from the statement.

■■■■ No prejudicial error arose when Officer Grissett testified concerning the arrest of the defendant. Testimony of the circumstances of an arrest is relevant and competent. People v. DePompeis, 410 Ill 587,

593, 102 NE2d 813. Further, no objection was made to this testimony and defendant has waived his right to object to such testimony on appeal. People v. Trefonas, 9 Ill2d 92, 98, 136 NE2d 817.

 Defendant objects that, during his cross-examination of Officer Grissett, the assistant State's Attorneys, Mr. McGee and Mr. Kissane, not only referred to a confession which had been ordered suppressed, but in addition, injected the name of Khrushchev into the case. The incident arose when defendant's attorney started to ask the witness certain questions concerning one Lemon Smith. Assistant State's Attorney Kissane objected to the line of questioning as being outside the scope of the direct examination. The following colloquy ensued:

> Mr. McGee: Judge, stop this Lemon Smith business. I object to any more cross-examination on Lemon Smith.

> Mr. Kissane: If you allow this you might as well allow where the others went.

> Mr. McGee: Might as well ask where Chairman Khrushchev went.

> Mr. Majewski: I don't think it is a proper objection.

> Mr. McGee: You want to introduce the whole statement in evidence he has got before them?

Counsel then retired with the judge into chambers, and, after a lengthy discussion, the court upheld the People's objection to the line of questioning and directed defense counsel to proceed no further with it. On returning to open court, defense counsel continued to question the witness about Lemon Smith, and, after the People's objection to the questioning was sustained, defense counsel said, "This is cross-examina-

187

tion," and Mr. Kissane said, "You can't ask any question you want, unfortunately for you." Certainly the remark of Mr. McGee, "You want to introduce the whole statement in evidence he has got before them?" was improper but such remark did not operate to the prejudice of the defendant. The jury did not know to what Mr. McGee was referring, and there is some doubt as to whether the statement referred to was the suppressed confession. Mr. McGee made no reference to a confession, and the jury was never informed that such a document existed. The remarks by the assistant State's Attorneys during which Chairman Khrushchev was mentioned and Mr. Kissane's remark, "You can't ask any question you want, unfortunately for you," amounted to improper remarks of counsel, but they were not the type of remarks which were likely to inflame the passions of the jury against the defendant, and remarks though improper are not prejudicial where not a material factor in a conviction. People v. Berry, 18 Ill2d 453, 458, 165 NE2d 257. Defendant was in no way linked to Chairman Khrushchev by the remark of assistant State's Attorney McGee, and at any rate no objection was made to the reference to Khrushchev.

 The alleged prejudicial display by People's witness, Officer Grissett was not viewed by the court, the assistant State's Attorneys, or by Mr. Majewski, counsel for Gray or Mr. Crown, counsel for Williams. The incident allegedly occurred during the testimony of Donald Montgomery, the last witness to testify on Tuesday, June 27, 1961. No mention was made of it until a motion for a mistrial was presented on the following morning. Only one witness was called in support of the motion and Officer Grissett was not in court to rebut his testimony, assuming that such rebuttal was possible. Certainly if the display was as blatant as described, it seems apparent that one of the

188

above mentioned attorneys or the trial judge would have noticed it. Under the circumstances we cannot say that reversible error occurred.

We have examined the closing argument made by the assistant State's Attorney and find that no reversible error is therein contained. As was said in People v. Brown, 16 Ill2d 482, 487, 158 NE2d 579, "The State's Attorney, being responsible for law enforcement in the community, has a right in his arguments before a jury to dwell upon the evil results of a crime, to urge a fearless administration of the criminal law, and to comment on the conduct of the accused." Most of what is objected to in the closing argument falls within this right of the State's Attorney. Specifically, defendant complains of being characterized as an "enemy of society." One who takes it upon himself to perpetrate an armed robbery certainly falls within this classification, and the assistant State's Attorney was well within the bounds of proper argument when he so characterized him. Also complained of was the allusion to defendant as a potential murderer. In People v. Sullivan, 22 Ill2d 122, 125, 174 NE2d 860, the court, referring to a similar allusion, said, "The evidence clearly showed that Beamon and Smallwood, one of whom was a codefendant in the trial below, were armed with guns. Under the circumstances, we cannot say that the remarks of the prosecuting attorney transcended the bounds of legitimate argument."

Defendant argues that it was improper for the State's Attorney to say that defendant's alibi witness "was obviously lying, undoubtedly lying. . . ." As was said in People v. Weaver, 18 Ill2d 108, 115, 163 NE2d 483, "We are of the opinion that the prosecutor may call a witness false, if in doing so he relies on the evidence and the inferences from it to support his conclusions. There is nothing to indi-

cate that the belief of the State's Attorney was based on anything other than the circumstantial evidence and the inference to be drawn from it."

 It is also argued that it was improper for the State's Attorney to comment on the failure of the defendant to bring in witnesses to support his alibi. Where the defendant injects into the case his activities with potential witnesses during a particular period of time ostensibly for the purpose of establishing an alibi for the time of the commission of the crime charged, his failure to produce such witnesses is a proper subject of comment on the part of the State. People v. Lenihan, 14 Ill App2d 490, 144 NE2d 803; People v. Swift, 319 Ill 359, 150 NE 263.

 Finally, it is urged that the State's Attorney thrice accused defense counsel of making a "blatant misstatement of the record" in his closing argument. Defense counsel did make a misstatement of the record, possibly through inadvertence. The assistant State's Attorney, in his zeal, may have laid too much stress upon the misstatement of counsel, but we feel that this did not constitute reversible error.

The judgment of the criminal court of Cook County is affirmed.

Affirmed.

SCHWARTZ, P. J. and DEMPSEY, J., concur.