(No 39005.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FAIRLEIGH GRAY, Plaintiff in Error.

*Opinion filed September 28, 1965.*

JOHN J. CROWN, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Fairleigh Gray and Gerald Williams were jointly tried by a jury in the criminal court of Cook County on a charge of armed robbery, found guilty, and defendant Gray sentenced to a term of not less than ten nor more than twenty years in the penitentiary. On writ of error the appellate court affirmed Gray's conviction, (52 Ill. App. 2d 177,) and we granted leave to appeal.

Defendant contends first that he is entitled to discharge under the four-month statute (Ill. Rev. Stat. 1963, chap. 38, par. 748,) and secondly, that reversible error occurred in the trial.

It appears from the record that defendant Gray was arrested on December 31, 1960, and has remained in custody ever since. He was indicted, together with two co-defendants, on January 24, 1961, and was arraigned on January 31, 1961. Attorney George E. Uretz entered his appearance for the three defendants, and the cause was continued on the court's motion to March 13, 1961.

The cause was thereafter continued to April 10, 1961, on motion of the State, and continued to April 11, and then to April 17, 1961, by order of the court. It further appears from the common-law record that an order was entered by the court on April 17, 1961, which reads as follows:

"This day come the said People by Daniel P. Ward, State's Attorney, and the said Defendant as well in his own person as by his Counsel also comes.

"And on motion of Counsel for said Defendant, FAIR-

LEIGH GRAY, it is ordered by the Court that the State's Attorney, Counsel for the People, do furnish the said Defendant with a List of Witnesses in the above entitled cause.

"And by express consent and agreement between the State's Attorney, Counsel for the People, and the said Defendant, FAIRLEIGH GRAY, and his Counsel now here given and made in open Court, it is ordered by the Court that this cause be and the same is hereby continued until Wednesday, April 19th, A.D. 1961, without subpoenas."

On April 19, 1961, defendant Gray by attorney Uretz demanded trial at the April Term, but the trial court ordered the cause continued to May 23, 1961. On May 26, 1961, attorney Uretz was granted leave to withdraw as attorney for Gray and the public defender was appointed in his stead.

Thereafter Gray made a motion for discharge under the four-month statute, which motion was denied, and the trial of the cause commenced on June 26, 1961.

It is the theory of the State, concurred in by the trial and appellate courts, that either Gray or his counsel waived his right to a speedy trial by agreeing to a continuance on April 17, 1961, as appears from the common-law record.

The defendant insists, however, that neither he nor his counsel was present in court, nor did they consent to a continuance at that time, and that this fact appears from the bill of exceptions.

A resolution of this conflict requires a careful examination of the bill of exceptions relating to the hearings on April 10, 17 and 19. On April 10, attorney Uretz represented defendant Gray and Gerald Williams and James Williams on three indictments: 61—265, 61—266, and the one involved in this appeal, 61—278. Uretz advised the court that there was a possibility of conflict between the defendants in indictment 61—265, and asked to be per-

mitted to withdraw as attorney for Gray. The following colloquy then took place:

"Mr. URETZ: While that is being done, Judge, would you permit me to withdraw as counsel and have the Public Defender appointed. If there is any objection to it on behalf of my client, I will take steps to—

"Mr. McGEE (Assistant State's Attorney): Is that both indictments or one?

"Mr. URETZ: As to this particular indictment just now.

"THE COURT: I don't know why you don't make it both.

"Mr. URETZ: It is just not a point of issue at this time.

\* \* \*

"THE COURT: Motion of counsel to withdraw as to Fairleigh Gray allowed; Public Defender appointed as counsel. Public Defender, Mr. Majewski, appointed to represent Fairleigh Gray."

The court then ordered 61—265 adjourned until the following day, and 61—278 adjourned as to Gray and Gerald Williams until April 17, 1965. It appears that in the week following Gray and Gerald Williams were tried and convicted in indictment 61—265.

Thereafter indictment 61—278 came on for hearing on April 17, 1961, and the report of proceedings contains the statement by the assistant State's Attorney that the defendants Gray and Gerald Williams were not brought up to court. Most of the proceedings that day involved a colloquy between the attorney for James Williams and the State's Attorney regarding statements and severance. The case of James Williams was continued on motion of defendant to April 19. The assistant public defender then said: "Same request as to Fairleigh Gray," and the indictment was continued by agreement.

On April 19, the assistant public defender appeared for Gray for sentencing in indictment 61—265, and Uretz, attorney of record, appeared for Gray in 61—278.

To clarify the record in regard to 61—278, the assistant public defender asked, "Then the public defender is not in the case at this point?", and Uretz answered, "No."

John Panici, the attorney for James Williams, then sought a continuance, and the following colloquy took place:

"MR. URETZ: I can't make it by agreement. Judge, as I stated prior to the time, the defendants whom I represent in these cases which we were discussing, which is the case involving the defendants, Fairleigh Gray, James Williams and Gerald Williams, I represent at this particular time in that case, I represent Fairleigh Gray and Gerald Williams. I stated to the Court that there is no request by either of those two men for any continuance. We are ready to proceed, but counsel who has been appointed by the Bar Association—your name?

"MR. PANICI: John Panici.

"MR. URETZ:—Mr. Panici states he is not ready to go to trial today, and he is requesting a continuance. Pursuant to our discussions heretofore, Judge, we had tentatively agreed, by order of Court insofar as the defendants Fairleigh Gray and Gerald Williams are concerned, this case would go over until May 23rd, with the understanding it will be with subpoenas and will go to trial.

"MR. McGEE: We have to go on that day.

"MR. URETZ: Yes.

"THE COURT: I want to tell you gentlemen this. Sentence is going to be passed on the other three. I don't want anything to interfere.

"MR. URETZ: This is the other case.

"MR. McGEE. 266 and 278.

"MR. URETZ: 278 is the indictment we are talking about insofar as Fairleigh Gray and Gerald Williams.

"THE COURT: Why not by agreement? Who is being hurt by it?

"MR. URETZ: I am not sure. I cannot make it by agreement. My clients are not in agreement. They want their day

in court and they want it now. They are ready to proceed. They should have their rights. They should not have their rights prejudiced because of something Mr. Panici is requesting here."

Prior to the trial both the defendant Gray and Gerald Williams petitioned for discharge under the four-months statute and both petitions for discharge were denied by the trial court. We have previously had occasion to examine the record in this case in *People* v. *Williams,* 27 Ill.2d 327. In that case we held that the continuance of April 17, 1961, could not be attributed to the defendant Gerald Williams so as to toll the running of the four-month period and remanded the cause with directions to enter an order discharging the defendant. We stated at page 329:

"Section 18 of division XIII of the Criminal Code (Ill. Rev. Stat. 1959, chap. 38, par. 748) provides that any person accused of a criminal offense, who is neither admitted to bail nor tried within four months from the date of incarceration, shall be discharged upon petition unless the delay is occasioned by the prisoner, or unless an extension of not more than 60 days has been granted the State to procure additional evidence. Where, however, the accused has sought and obtained a continuance within the period in question, or agreed to such a continuance, or by his own action in any way caused the delay of the trial, the four-months period is temporarily suspended and he is not entitled to discharge. *People* v. *Rankins,* 18 Ill.2d 260; *People* v. *Ephraim,* 17 Ill.2d 527; *People* v. *Tamborski,* 415 Ill. 466; *Healy* v. *People,* 177 Ill. 306.

"Defendant was incarcerated from December 31, 1960, until his trial commenced on June 26, 1961, and unless he did consent to the continuance granted April 17, 1961, he is entitled to discharge. Although the common-law record imports verity and is presumed correct, where other facts appearing in the bill of exceptions are contradictory, this court will consider the matter upon the record as a whole.

(*People* v. *Wyatt,* 24 Ill.2d 151 ; *People* v. *House,* 10 Ill.2d 556.) It is clear that neither the defendant nor his attorney were present at the hearing of April 17, and it is equally clear that the assistant public defender, who requested a continuance for both his client and defendant, had no authority to so bind the latter. Although in his argument before the trial court, the assistant State's Attorney alluded to a telephone conversation where attorney Uretz allegedly requested the assistant public defender to appear for him at the hearing, Uretz denied there ever was such a conversation and the State failed to offer any proof of such authorization. We are not unmindful of the rule that a defendant may waive his right to a speedy trial by failing to object to delays occasioned by another with whom he is jointly indicted and tried, (*People* v. *Meisenhelter,* 381 Ill. 378,) but the rule cannot be applied where, by his complete absence from the proceedings, the accused had no opportunity to object. In this respect it should be noted that on April 19, 1961, defendant did demand an immediate trial but was refused.

"Neither the State's Attorney nor the trial court, may, in the defendant's absence, ascribe to him a motion for continuance which he did not make. *People* v. *Wyatt,* 24 Ill.2d 151 ; *People* v. *House,* 10 Ill.2d 556."

The State argues, however, that the opinion in the *Williams* case supports its position here because the opinion suggests that Gray was represented by counsel who requested a continuance on April 17, 1961. Defendant Gray was not a party to that appeal and this court did not then, as it does now, have the occasion to carefully examine the voluminous record relating to defendant Gray. We think an examination of the record in relation to Gray indicates that he, like Gerald Williams, was not represented by counsel and was not present in court in person on indictment 61—278 on April 17, 1961.

The record shows that at the hearings on the petitions

for discharge in the trial court it was conceded by counsel for both defendants Gray and Gerald Williams and the assistant State's Attorney that the arguments on the petitions for discharge were equally applicable to both defendants.

It appears from the record that the assistant public defender, who purportedly agreed to a continuance on April 17 on behalf of both Gray and Gerald Williams, testified under oath that on April 17 he was called to the bench by the bailiff who informed him that the State's Attorney wanted him in court. He stated that he was not appointed as counsel for anyone in this case and that he did not have any conversation with the attorney of record for Gray concerning indictment 61—278. We think that the facts of this case are substantially the same as in the Gerald Williams case. The only substantial difference is the fact that the assistant public defender had previously been appointed to represent Gray in a separate indictment. Upon this record we cannot hold that the assistant public defender had any more authority to agree to a continuance on behalf of the absent defendant Gray than he did for Gerald Williams.

We, therefore, are of the opinion that the continuance of April 17, 1961, cannot be attributed to the defendant Gray so as to toll the running of the four-months period and the trial court erred in failing to discharge the defendant. Because we have reached the conclusion that the defendant must be discharged on this indictment, we need not consider the other allegations of error in the trial court. The judgments of the criminal court of Cook County and of the appellate court are reversed and the cause remanded to the circuit court with directions to enter an order discharging the defendant.

*Reversed and remanded, with directions.*