THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY ALLEN (Impleaded), Defendant-Appellant.

(No. 60169;

First District (5th Division)—May 9, 1975.

James J. Doherty, Public Defender, of Chicago (William Jameson Kunz and Richard D. Kharas, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Donald M. Devlin, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRETT delivered the opinion of the court:

Defendant, Jerry Allen, was found guilty at a jury trial of the armed robbery of Joseph Poch. Defendant was sentenced to a term of 6 to 18 years at the Illinois State Penitentiary. From this judgment and sentence defendant appeals.

Joseph Poch, the complaining witness for the State, testified that on April 14, 1972, at about 11:45 P.M. he drove his 1968 Cadillac Eldorado from his place of employment to his home in Skokie, Illinois. The Cadillac had a brown body with a black top and bore the Illinois license plate number 806724.

As he arrived at about midnight at the area near his home, he observed that a car with two individuals was following him. As he attempted to park in front of his home, he heard a person from the other automobile ask, "Where is the highway?" Before he could reply, a man entered his car and placed a pistol at his head. The man demanded his wallet which contained approximately $150, among which was a $50 bill.

The man then drove with him into an alley with the other car following behind. Though the alley was not lit, it was a clear night, enabling

the witness to see the pistol that was held on him. He testified that a black change purse was then taken from him and he was ordered to walk away from the scene. Subsequently he heard the two autos leave the alley. Soon afterwards, he notified the police.

The court, over the objection of defense counsel, and after having heard extensive argument, then permitted another witness, Gray Benoist, to testify as to the defendant's attempt to rob him. This testimony was admitted solely on the issue of defendant's identification and design, and a limiting instruction was given to the jury on that point.

Benoist testified that at about 1:25 A.M. in the early morning of April 15, 1972, he and his girlfriend arrived at the home of her parents in Wilmette, Illinois. They pulled into the driveway of the residence which was illuminated by a street light 50 feet away. After he removed luggage from the trunk of his car, a light-brown Cadillac pulled up to the driveway. He further testified that one of the two individuals in the car asked him, "Do you know where the highway is?" Benoist responded by asking, "What?" and walked toward the Cadillac to make sure he understood what was said. At that point a man stepped out of the Cadillac with a pistol in his hands and said, "This is a holdup." As the gunman and he walked back to Benoist's auto the lights in his girlfriend's home were turned on. He further testified that the gunman then said, "Forget it," and fled in the Cadillac. Benoist then went into the house and called the police.

Sergeant Sternberg of the Wilmette Police Department testified that at about 1:30 A.M. on the morning of April 15, 1972, he observed a Cadillac Eldorado and a gold Cadillac, which he had seen earlier that night, parked in a closed gasoline station. After the vehicles proceeded out of the station, Officer Sternberg stopped the gold Cadillac and subsequently placed the driver, Tommy Adams, under arrest. The Eldorado failed to stop.

Patrolman Andrew Adamovich testified he had been a member of the Wilmette Police Department when he intercepted a light-brown 1968 Cadillac Eldorado, license plate number 806724, at about 1:30 A.M. on April 15, 1972. He found a revolver on the floor of the Eldorado just below the steering wheel. Both Poch and Adamovich identified the pistol at trial. Adamovich also testified that he found a $50 bill on the person of Jerry Allen upon his search at the police station.

Still later that same night, Joseph Poch and Gray Benoist went separately to the Wilmette Police Station. There Poch identified defendant as the individual who had robbed him, examined his car for damage, and recognized his coin purse in the other car the robbers had used. Benoist testified that he identified Jerry Allen as the individual who

attempted to rob him in front of his girlfriend's house in Wilmette that same night.

Defendant, Jerry Allen, testifying on his own behalf, after denying any implication in the robbery, further testified that he worked in a pool hall in Evanston on the night of April 14, 1972, and that he left at about 1 A.M. with Tommy Adams to pick up a car in a gas station in Wilmette; that Adams had given him the keys to one of the cars, and that after Adams was stopped by the police, Allen halted his auto further down the road, at which time the police arrived.

Tommay Adams was indicted along with the defendant Jerry Allen but forfeited his bond and apparently had left the jurisdiction.

## OPINION

■■ The first point that the defendant raises on appeal is that he was denied a fair trial when the court unduly curtailed his cross-examination of the complaining witness on the question of identification. This argument relates to the question asked of Joseph Poch whether the man at the police station looked exactly like the man who had robbed him that evening. The record reveals that the witness answered defense counsel's question after the State had objected and before the court sustained the objection. Poch's answer in the negative restated what he had said on direct examination. The law in this State is that where the witness has answered the question, there is no merit to the contention that the cross-examination was unduly restricted, in spite of the ruling of the court sustaining the objection. *People v. Morgan*, 28 Ill.2d 55, 190 N.E.2d 755.

Defendant's next contention is that the prosecution committed reversible error by commenting on the defense's failure to call Tommy Adams as a witness. The defendant cites *People v. Munday*, 280 Ill. 32, 117 N.E. 286, and *People v. Rubin*, 360 Ill. 195, 7 N.E.2d 890, as well as other cases, for the proposition that such comment is improper when the witness, who fails to testify, possesses knowledge that has a bearing upon the charges against the defendant, and is equally accessible to the prosecution and the defense. We find this rule inapplicable in the instant case since Adams, by virtue of his bond forfeiture, was inaccessible to the State.

■■ Throughout his testimony, defendant made reference to his having been with Adams on the night of April 14, 1972. In *People v. Gray*, 52 Ill.App.2d 177, 201 N.E.2d 756, *reversed on other grounds*, 33 Ill.2d 160, 210 N.E.2d 486, the court said that:

> "Where the defendant injects into the case his activities with potential witnesses during a particular period of time ostensibly for the purpose of establishing an alibi for the time of the commission

of the crime charged, his failure to produce such witnesses is a proper subject of comment on the part of the State. *People v. Lenihan,* 14 Ill.App.2d 490, 144 N.E.2d 803; *People v. Swift,* 319 Ill. 359, 150 N.E. 263."

We find that no reversible error was committed by the prosecution in commenting on Adams' failure to testify.

Defendant's next point on appeal is that the trial court should have granted his motion for a mistrial after Benoist's testimony was admitted on the issue of defendant's identification and scheme or design. The defendant argues that Benoist's testimony is incompetent because, by failing to specifically describe the weapon, the automobile and the speaker, the connection between this testimony and the crime charged is too remote.

Our supreme court has held that evidence of other robberies which establishes identity and tends to prove design is competent and admissible where the evidence serves to place a defendant in proximity to the time and place and establishes a scheme or .design which is "strikingly similar" to the offense with which defendant is charged. (*People v. Trankowski,* 20 Ill.2d 11, 169 N.E.2d 347.) In *Trankowski* the trial court allowed testimony of other robberies in the same neighborhood to go into evidence. The witnesses variously described the weapon used by the defendant as a "nickel-plated gun," a "shiny revolver," and a "gun." One witness testified that he was "pretty sure" defendant was the man who had accosted him, while another said the defendant only "resembled" the man who had robbed him.

■■ In the case at bar, Benoist's testimony of the attempted robbery placed the defendant in proximity to the time and place of the robbery of Joseph Poch, in that both occurred approximately within 1 hour of each other and in contiguous northern suburbs. Moreover, Benoist, like Poch, described the weapon in his testimony as a pistol, and the automobile as a light-brown Cadillac, which in fact was the color of the Cadillac that was stolen from Poch. These descriptions, taken together with the testimony of Benoist and Poch that the same question as to the location of the highway was asked of them and that defendant then appeared with a gun, makes the attempted robbery of Benoist so "strikingly similar" to the robbery of Poch as to justify an instruction by the trial court on the issue of identification and design.

Defendant then asserts that the prosecution in its closing arguments denied him a fair trial by making reference to him as an "armed robber." Counsel for defendant failed to raise an objection at the time the alleged prejudicial statement was made.

■■ The general rule in this State is that an assignment of error will

not be considered on appeal unless objection to the alleged prejudicial argument is made at the trial court and a ruling thereon obtained. (*People v. Wilson,* 342 Ill. 358, 174 N.E. 378.) Defendant cites *People v. Fort,* 14 Ill.2d 491, 153 N.E.2d 26, for the exception to this rule that "where the prosecutor's argument is so seriously prejudicial as to prevent the defendant from receiving a fair trial, this court may consider the assignment of error even though no objection was interposed at the trial court and no ruling was made or presumed thereon." The court in *People v. Fort* found that the remarks made by counsel had no basis whatsoever in the facts in evidence. The instant case must be distinguished, and the general rule applied, because indeed evidence was introduced at trial justifying the remarks of the prosecution.

Defendant also claims that in his closing arguments the prosecution argued the attempted armed robbery of Benoist substantively rather than for the limited purpose for which it was received. We cannot accept this argument, because an examination of the record clearly reveals that the prosecution explained to the jury twice in its closing argument that Benoist's testimony was introduced to show a common scheme or design. Moreover, the court later properly issued a limiting instruction as to that testimony.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

SULLIVAN and LORENZ, JJ., concur.