People of the State of Illinois, Defendant in Error, v. Fairleigh Gray (Impleaded), Plaintiff in Error.

**Gen. No. 50,036.**

First District, First Division.

March 15, 1965.

Benjamin H. Rabin, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE MURPHY delivered the opinion of the court.

Defendant, Fairleigh Gray, was tried jointly with Gerald Williams and Walter Shegog upon a charge of armed robbery of a gasoline station attendant. A jury found them guilty, and Gray was sentenced to the penitentiary for a term of from 5 to 15 years. Defendant's writ of error was transferred to this court for disposition, by the Illinois Supreme Court.

Defendant contends trial errors caused by the incompetency of his court appointed counsel, the Public Defender, resulted in "a denial of a fair trial." He asserts that the trial court erred (1) "in allowing

testimony of prosecution witness to go to the jury, where such testimony consisted of oral admissions of co-defendant implicating plaintiff in error," and (2) "in allowing testimony of prosecution witness to go to the jury, where such testimony was to the effect that plaintiff-in-error refused to make a statement upon his arrest." He also complains of "prejudicial comments of the prosecution during its closing argument referring to plaintiff-in-error's omission or failure to call certain witnesses," and that "the Public Defender did not commit the trial of this case with the local expertise to which the plaintiff-in-error was entitled."

Prior to the trial, George E. Uretz, attorney for the three defendants, was granted leave to withdraw his appearance on behalf of Fairleigh Gray because of a possible conflict, and the Public Defender was appointed to represent Gray. The trial proceeded with Gray being represented by the Public Defender and the other two defendants being represented by Uretz.

At the trial, the station attendant testified that he knew the three defendants "definitely. I went to school with them. . . . Gerald Williams was in the same class as I." As to the other two, he stated, "I had many occasions to see them and to go out to lunch with them across the street. We used to go to a grocer store where we bought candy, pop and things, school supplies, combined, all kind of things. Thus I had seen all three of them."

During the cross-examination of a witness for the State, Officer Ernest Grissett, by the Assistant Public Defender, who represented Fairleigh Gray, the following took place:

"Q. Did Mr. Gray at any time admit that he took part in any robbery?
A. No, sir.

Q. Did Gerald Williams admit he took part in any robbery?
A. Yes, sir.
Q. Did he in any way involve Fairleigh Gray in that robbery?
A. Yes, sir.
Q. Did he deny that robbery?
A. Did who deny it?
Q. Did Fairleigh Gray?
A. Yes, sir, he did.
Q. Deny that robbery?
A. Yes, sir."

██ Defendant contends that "in the light of the prejudicial nature of this testimony," it was the duty of the court to declare a mistrial, or at least instruct the jury to delete from its consideration this portion of the testimony of Officer Grissett. We find no merit in this contention. This testimony was brought out by defense counsel on cross-examination, and defendant cannot now complain of answers responsive to his questions. (People v. Realmo, 28 Ill2d 510, 512, 192 NE2d 918 (1963).) As said in People v. Williams, 28 Ill2d 114, 116, 190 NE2d 809 (1963):

"The court is not required 'to exclude or stop the introduction of improper evidence where the defendant makes no objection, does not move to exclude it or does not disclaim the answers.'"

Defendant next complains that during the further cross-examination of Ernest Grissett, defendant's counsel, the Assistant Public Defender, elicited testimony "to the effect that plaintiff-in-error refused to make a statement upon his arrest." We have examined the record on this point and, while Gray was questioned at

the time of arrest "concerning the robbery or alleged robbery," the record shows that he denied the robbery and at no time admitted "that he took part in any robbery." The cross-examination does not indicate that defendant "refused to make a statement upon his arrest." We find no merit in this contention.

■ ■ We consider next defendant's contention that it was error for the State, during its closing argument, to refer to defendant's failure to call certain witnesses in support of his alibi. The record shows that Shirley Jordan, fiancee of the defendant, testified that on the date and at the time of the robbery, Gray was with her and her parents at her home. The parents were not called to testify, and in the closing argument the State referred to the failure of defendant to bring in the parents of Shirley Jordan. We find no error here. As said in People v. Gray, 52 Ill App2d 177, 190, 201 NE2d 756 (1964):

> "Where the defendant injects into the case his activities with potential witnesses during a particular period of time ostensibly for the purpose of establishing an alibi for the time of the commission of the crime charged, his failure to produce such witnesses is a proper subject of comment on the part of the State. People v. Lenihan, 14 Ill App2d 490, 144 NE2d 803; People v. Swift, 319 Ill 359, 150 NE 263."

■ Finally, we consider defendant's basic contention that, because of the foregoing alleged errors, he was not competently represented. Defendant relies primarily on the principle stated in People v. Morris, 3 Ill2d 437, 447, 121 NE2d 810 (1954):

> "A new trial may be granted where the incompetency of counsel is so great that accused

225

is prejudiced and prevented from fairly presenting his defense, and a new trial sometimes is granted because of some serious error on the part of such attorney in the conduct of the case; and in this respect accused's application will be treated more favorably when the attorney is one appointed by the court than when the attorney is one selected by himself."

We agree with this statement. However, the statement includes:

". . . unless accused is prejudiced and thereby deprived of a fair trial, a new trial does not necessarily follow from either the attorney's incompetency or his neglect."

■ We have examined the whole record in the light of the foregoing and conclude that the errors in judgment, if any, of defendant's counsel were not such as would have prejudiced defendant and influenced the verdict. Defendant received a sincere and diligent defense by the Assistant Public Defender and was positively identified by the station attendant. The charge of incompetence is not sustained by this record. See People v. Coolidge, 26 Ill2d 533, 540, 187 NE2d 694 (1963).

We are of the opinion that defendant received a fair trial, and for the reasons given, the judgment of the Criminal Division of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J. and KLUCZYNSKI, J., concur.