THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES THOMAS MAYS, Defendant-Appellant.

(No. 70-214;

Third District—January 7, 1972.

John L. Barton, of Defender Project, of Ottawa, for appellant.

Michael Warner, Assistant State's Attorney, of Rock Island, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant-Appellant, James Thomas Mays, was found guilty of forgery by a jury and pursuant to such verdict the Circuit Court of Whiteside County entered its judgment of conviction and sentenced defendant to from 3 to 10 years in the penitentiary. Defendant appeals.

According to a filling station attendant the defendant cashed a check at the filling station which check was forged. The check which appeared to be a payroll check, was signed by a person not authorized to sign checks for the company, the blank checks having been stolen sometime earlier. Defendant denied that he had signed the check and that he had cashed it at the filling station contravening the principal issue of the case

namely his identification by the station attendant and expert opinion regarding the handwriting on the check. Although the defendant has alluded to confusion in the identification testimony suggesting that it was insufficient to establish his guilt, the only two issues we believe need be considered relate to defendant's claim that he was denied a fair trial.

According to defendant the prosecution's comment upon his failure to produce certain witnesses shifted the burden of proof to defendant to prove his innocence and further prejudicial error was committed in permitting the introduction of evidence of other crimes of which he had not been convicted.

With respect to the first assignment of error regarding comment on defendant's failure to produce a witness, it appears, according to the testimony of the filling station attendant, the person passing the check was clean shaven. According to defendant, testifying in his own behalf, he had a beard on the date of the offense and according to defendant the station attendant must have been mistaken. In its cross-examination the prosecution asked the defendant whether there was anybody who would verify his story that he had a beard on that date and the defendant responded by naming four persons including his mother. Of the four persons named only two testified in defendant's behalf, two including defendant's mother not being called by defendant as witnesses.

In its final argument to the jury the State's Attorney declared, "First of all, the State has got the burden to prove the defendant guilty beyond a reasonable doubt . . .". In the next sentence the State observed, "He had the opportunity to present his mother, who saw the beard. He had the opportunity to present to you Wilma Potter, or anybody that ridiculed him."

██ The general rule is that it is improper for the prosecution to comment on defendant's failure to present witnesses when such witnesses are equally accessible to both parties. (*People v. Rubin*, 366 Ill. 195, 7 N.E.2d 890, *People v. Munday*, 280 Ill. 32, 117 N.E. 286 and *People v. Pepper*, (Ill.App.2d), N.E.2d, (opinion filed December, 1971).) Such comment is permitted where such witnesses are unavailable to the prosecution. (*People v. Smith*, 74 Ill.App.2d 458, 221 N.E.2d 68.) As a subsidiary application of the general rule potential alibi witnesses injected into the case by the defendant are deemed unavailable to the prosecution and comment with regard to the failure of such witnesses to testify is proper. (*People v. Gray*, 52 Ill.App.2d 177, 201 N.E.2d 756.) The principal issue in the application of the rule to the case at bar is whether the potential witnesses were injected into the case by defendant. The principal case relied upon by the prosecution is *People v. Sanford*, 100 Ill. App.2d 101, 241 N.E.2d 485, in which during the defendant's cross-ex-

amination, the State elicited the information that the owner and a barmaid were present in the tavern. Neither of these persons was called by the defense and the State in its closing argument made reference to such failure. The opinion in *Sanford* concludes that the comments by the State did not constitute reversible error although from its observations it is difficult to ascertain whether the court considered the comments error or merely non-prejudicial. In either case the observations of the court are somewhat doubtful. In characterizing the observations of the State as innocuous or not provocative and hence non-prejudicial, there would at least appear to be the inference that the State's argument was improper. If so the effect of the remarks would appear to be incalculable.

In Sanford the court quotes with approval the following from *People v. Gray,* 52 Ill.App.2d 177, 201 N.E.2d 756, "Where the defendant injects into the case his activities with potential witnesses during a particular period of time ostensibly for the purpose of establishing an alibi for the time of the commission of the crime charged, his failure to produce such witnesses is a proper subject of comment on the part of the State." Both the *Sanford* opinion and the prosecution in the case at bar also cite *People v. Swift,* 319 Ill. 359, 150 N.E. 263, *People v. Gray,* 57 Ill.App.2d 221, 206 N.E.2d 821 and *People v. Lenihan,* 14 Ill.App.2d 490, 144 N.E.2d 803. The *Gray* case (52 Ill.App.2d 177, 201 N.E.2d 756), is of doubtful authority for the position of the court in Sanford since the quotation appears to be dicta. Although we agree with the rule as quoted in *Gray,* there is no indication in the case as to any state of facts to which the rule was applied if not appearing which witness was referred to, how the name of the witness was injected into the case or even what may have been said about the failure of any witness to testify. Hence the other three cases cited in *Sanford, Gray* and by the prosecution in the case at bar, would appear to be of more persuasive authority in governing and illustrating the application of the rule. In *People v. Swift, supra,* the court stated, "The rule is that a defendant is not bound to produce any witnesses, and, where he does not testify to any attempt on his part to secure witnesses or as to his failure to secure them it is error to comment on his failure so to do. (*People v. Langzem,* 307 Ill. 56, 138 N.E. 222.) In this case, Morgan, in accounting for his whereabouts, declared that during the night of the day before the robbery, and until about 1:30 o'clock P.M. of that day, he stayed at the house of a woman whom he did not know, and whom he had met on the streets of Peoria; that he did not know where the house was located; that it was about a block from Main street. The purpose of this evidence evidently was to account for his failure to produce the woman referred to, and his testimony in that regard was a proper subject of comment on the part of counsel

representing the state, and counsel's remarks do not come within the rule referred to." In *People v. Gray*, 57 Ill.App.2d 221, 206 N.E.2d 821, defendant's financee testified that on the date and at the time of the robbery, defendant was with her and her parents at her home. In *People v. Lenihan*, 14 Ill.App.2d 490, 144 N.E.2d 803, a prosecution for driving under the influence of intoxicating beverages, the defendant in his direct examination described his activities with his janitor during the hour preceding his arrest. The court observed, "By this testimony it is reasonable to assume defendant tried to prove his activities and the fact he was not drinking during this particular period. The activity with the janitor was injected into the case by the defense. Where the defendant injects into a case his activities with a potential witness during a particular period of time ostensibly for the purpose of proving his innocence of the crime charged, his failure to produce such witness is a proper subject of comment upon the part of the state. *People v. Swift*, 319 Ill. 359, 150 N.E. 263."

■■ In all of the cases discussed above (preceding *Sanford*), potential witnesses were injected into the proceeding by the direct testimony of the defendant or in the direct testimony of a witness testifying in defendant's behalf. When the names are elicited by cross-examination it is our conclusion that the responsibility for the failure of the defendant to produce such witnesses can not be assessed against the defendant or has the same significance as when the defendant himself refers to such potential witnesses in an apparent attempt to bolster his defense.

■■ As an additional assignment of error defendant argues that evidence was introduced of criminal offenses of which he had not been convicted. After defendant had testified in his own behalf prosecution on rebuttal presented a properly authenticated copy of defendant's conviction of burglary in 1960. According to the record of the conviction defendant was granted probation and if this had been all the record contained no question of error would have arisen. However the record of the conviction further included a petition for revocation of defendant's probation for the offense of robbery and a minute notation of a charge of burglary. According to the record defendant's probation was revoked and he was sentenced to a term in the penitentiary but the defendant was never convicted of either robbery or burglary as specified in the probation revocation proceedings.

Although the conviction for burglary and the grant or sentence of probation with respect thereto were properly admitted to impeach defendant's credibility, cases such as *People v. Andrae*, 295 Ill. 445, 129 N.E. 178, cited by the prosecution, are of no authority for the further proposition that the probation revocation proceedings (civil in nature)

describing offenses of which defendant was not convicted are properly received. Although the error in admitting such additional evidence may not have the same significance as the prejudicial conduct in *People v. Brown*, (Ill.App.2d), 268 N.E.2d 202, it is our opinion that reference to such additional offenses was error and the significance of such error is not completely eliminated by instructions that this type of evidence is limited to credibility of defendant's testimony. Such an instruction represents a compromise based on the necessity of the circumstances. The instruction on impeachment although sensible and sound, nevertheless can not be used to excuse improper evidence of other offenses.

In our opinion the cumulative effect of the foregoing errors deprived the defendant of a fair trial. Whether either of such errors standing alone would be deemed sufficiently prejudicial to constitute reversible error is a question we need not decide.

For the foregoing reasons the judgment of the Circuit Court of Rock Island County is reversed and remanded with directions that defendant be granted a new trial.

Reversed and remanded with directions.

ALLOY, P. J., and SCOTT, J., concur.