THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES MOORE, Defendant-Appellant.

(No. 56385; )

First District—December 5, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Mary Cahill and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, (Elmer C. Kissane and James N. Karahalios, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

Defendant and Silas Hart were charged with the murder of Walter May. Defendant alone was tried by a jury, found guilty, and sentenced to serve 30 to 60 years. In this appeal, the only issue is whether the final argument of the assistant State's Attorney contained comments that prejudiced defendant's right to a fair and impartial trial.

The comments were made when, in closing the prosecution's case, the assistant State's Attorney argued:

"Mr. Moore [referring to the defendant] said, among other things, and most essentially that he went home at about somewhere 11:30 the night of April 6, 1969, after being high and went to bed. Who did he live there with? Sister, mother, father, nieces and nephews. Did you hear, ladies and gentlemen, any corroboration for his alibi? Anybody willing beside himself to say yes—his own sister, perhaps—to say, 'Yes, he did come in! I saw him.'

Totally unsupported, his story by even members of his own family. Even his own family didn't come in here and under oath say that he was with them."

The record shows defendant had testified that on the evening of April 6, 1969, when the alleged murder was committed, he and Silas Hart were in Walter May's automobile. They purchased and consumed a pint of wine. After riding around for half an hour or so, Hart said to May, "Man, you'd better take us home." Defendant testified that "They took me to my mother's house." Then, according to defendant, he was helped into the house and without taking off his clothes, went to bed. Hart and May drove off.

Defendant's testimony, the State argues, asserted an alibi. He did not call any member of his family to corroborate him. Therefore, the State insists, the argument of the assistant State's Attorney was proper because defendant's failure to support his alibi was a subject on which the State could comment.

It is a general rule of the criminal law that a defendant has no duty to call anyone as a witness in his case. It is his privilege to produce witnesses and to make a defense or not, as he chooses. (*People v. Munday,* 280 Ill. 32, 42, 117 N.E. 286.) Argument to a jury that comments on the failure of a defendant to call witnesses on his behalf is prejudicial. *People v. Rubin,* 366 Ill. 195, 7 N.E.2d 890.

■■ There is a recognized exception to this general rule. When a defendant injects into the case his activities with potential witnesses during a particular period of time ostensibly for the purpose of establishing an alibi, his failure to produce such witnesses is a proper subject of comment on the part of the State. *People v. Swift,* 319 Ill. 359, 150 N.E. 263; *People v. Lenihan,* 14 Ill.App.2d 490, 144 N.E.2d 803; *People v. Gray,* 57 Ill.App.2d 221, 206 N.E.2d 821; *People v. Sanford,* 100 Ill.App. 2d 101, 241 N.E.2d 485.

■■ The record before us, however, discloses that defendant did not inject into the case his activities with potential witnesses in the endeavor to establish an alibi. He testified that Hart and May, on the evening of the alleged murder, drove him to his mother's home, helped him into the house and drove away. Defendant did not inject his sister, mother, father, nieces or nephews as persons who were with him or saw him. There is nothing in the record to suggest that these persons, if in fact they existed, were not accessible to the prosecution. Therefore, the comments of the assistant State's Attorney in his closing argument for the State were unjustified and constituted prejudicial argument. *People v. Smith,* 74 Ill.App.2d 458, 221 N.E.2d 68.

We have examined the entire record and conclude that on the evi-

dence in this case, the final argument of the assistant State's Attorney was prejudicial error that requires us to reverse and remand this conviction, even though no objection was raised at the trial. (*People v. Morgan*, 20 Ill.2d 437, 170 N.E.2d 529; *People v. Davis*, 74 Ill.App.2d 450, 221 N.E.2d 63.) Therefore, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

SCHWARTZ and HAYES, JJ., concur.