THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BOOKER BLAKES, Defendant-Appellant.

(No. 73-302; ■■■■■■■■■■■■■■■■)

Third District—March 31, 1975.

*Rehearing denied May 7, 1975.*

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael Mihm, State's Attorney, of Peoria (James Christy, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After trial by jury in the circuit court of Peoria County, defendant, Booker Blakes, was convicted of armed robbery and sentenced to a term of not less than 5 years nor more than 20 years in the Illinois State Penitentiary. This appeal is from that judgment.

On January 29, 1973, at approximately 8:30 P.M. a man came into the Western Avenue Liquor Store and committed an armed robbery. About 2 weeks later defendant was arrested for this armed robbery. Prior to

trial, defendant was served with a motion that he inform the People prior to trial if he intended to assert an alibi defense and if so, the names and addresses of witnesses whom he might call in support of that defense. Defendant objected to the request. His objection was overruled and he was ordered to respond. (This order was prior to the holding in *People v. Fields*, 59 Ill.2d 516, 322 N.E.2d 33, and the propriety of the order is not in issue.) Defendant submitted a list containing the names and addresses of four witnesses he intended to call to establish his alibi defense. Of the four names defendant listed he called two, his sister Dorothy Jackson and his friend John Fleming. The defendant's sister, Dorothy Jackson, testified defendant came to her house at about 5 minutes after 8 on January 29, 1973, and left 15 minutes later. John Flemming testified he was at Dorothy Jackson's house when defendant arrived about 8 o'clock and they left together at about 8:15. He drove defendant to Neal's Lounge and dropped him off, and defendant was still there when Flemming returned at 9 o'clock. He also stated that the Western Liquor Store is about 2½ miles from Neal's Lounge. Defendant testified he remained at Neal's Lounge from the time he was dropped off until about 1:30 A.M.

On cross-examination of defendant the following testimony occurred regarding defendant's presence in Neal's Lounge:

"Q. Who was in Neal's at the time you went there January 29, 1973?

A. There were quite a few people in there.

Q. Who, in particular that you knew?

A. George Johnson, William Cathrew, a guy by the name of Russell, Joe Moore, Herman Carter. There was a lot of others but I can't remember everybody's name.

Q. Those names you happen to remember right now?

A. Yes."

None of these names were on the list of four witnesses submitted by defendant prior to trial. It should also be noted defendant was not asked who saw him in the lounge on the date in question. He was asked who was in the lounge that he knew.

■■ The first issue on appeal relates to the propriety of the assistant State's attorney's eliciting from defendant on cross-examination the names of potential alibi witnesses. A recent case, *People v. Mays*, 3 Ill.App.3d 512, 277 N.E.2d 547, disposes of this issue. In *Mays* the defendant claimed the prosecution's comment upon defendant's failure to produce certain witnesses shifted the burden of proof to defendant to prove his innocence. The court cited *People v. Munday*, 280 Ill. 32, 117 N.E. 286, for the general rule that it is improper for the prosecution to comment on defendant's failure to present witnesses when such witnesses are easily accessible to

both parties and *People v. Smith,* 74 Ill.App.2d 458, 221 N.E.2d 68, for the further rule that such comment is permitted where such witnesses are unavailable to the prosecution. The court went on to state, "As a subsidiary application of the general rule potential alibi witnesses injected into the case by the defendant are deemed unavailable to the prosecution and comment with regard to the failure of such witnesses to testify is proper. *People v. Gray,* 52 Ill.App.2d 177, 201 N.E.2d 756." (3 Ill.App.3d 512, 514.) The issue in *Mays* was whether the potential witnesses there were injected into the case by defendant. The court in resolving the questions held: "When the names are elicited by cross-examination it is our conclusion that the responsibility for the failure of the defendant to produce such witnesses can not be assessed against the defendant or has the same significance as when the defendant himself refers to such potential witnesses in an apparent attempt to bolster his defense." (3 Ill. App.3d 512, 516.) We hold it was error in the case at bar to allow the People to elicit from defendant on cross-examination the names of potential alibi witnesses.

The related issue is whether it was reversible error for the assistant State's attorney to comment in closing argument on defendant's failure to produce these potential alibi witnesses. A portion of the assistant State's attorney's closing argument which defendant contends was error and which is directly related to the above cross-examination of defendant is:

"* * * he said he went into the tavern, remained there from 8:20 p.m. until 1:30 a.m. the following morning. And I asked the defendant if he was familiar with the place, knew the place, people in the place were familiar with him. He said they were. And I asked him what particular individuals were in the place at that time, and he named a number of names, about five in all, a Cathrew, Moore, Carter, and a couple of others I can't recall. As I recall there were about five names of people that were there when he was; none of them were called to testify.

MR. BARTON [defense counsel]: I object to this Judge and move for mistrial. I would like the jury to be instructed to disregard that.

MR. INMAN [assistant States' attorney]: Your Honor, if I may call three cases to the court's attention on that point.

THE COURT: The objection is overruled; motion for mistrial is denied. You may proceed.

MR. INMAN: These five people were not here. You never heard them testify fom that stand; these five people who, if they saw defendant at that time and place, could have established that alibi for the defendant. But these five people were not here. Where

they were, why they weren't here, why they were not subpoenaed by the defendant I don't know. I didn't know of them until this morning. But when you come to consider the defendant's testimony in connection with this, remember it is his testimony only that is called to establish his alibi, his testimony only out of the six who might have been called to testify."

The People cite three cases in support of their argument that the allowance of the assistant State's attorney's comments on closing argument did not constitute reversible error. The first cited case, *People v. Munday,* 280 Ill. 32, 117 N.E. 286, is cited for the general rule that the omission or failure of a defendant in a criminal case to call as witnesses those who could testify of their own knowledge to material facts raises no presumption of law that if called they would have testified unfavorably to him, but the jury may consider his failure to produce or to endeavor to produce such witnesses as a circumstance in determining his guilt provided it is manifest that it is within the power of the accused to produce such witnesses who are not accessible to the State. We have no argument with this general rule; however, in the *Munday* case, the court held it was error for the prosecution to comment on defendant's failure to call his codefendants as witnesses. The State also cited *People v. Sanford,* 100 Ill.App.2d 101, 241 N.E.2d 485. The *Sanford* case is distinguishable in that there the court found there was nothing in the record to indicate the State knew prior to the defendant's testimony that he would claim an alibi or the names of those witnesses he would call to support his story that he was in another place at the time of the crime. In the case at bar the prosecution was well aware of the fact that the defendant claimed an alibi, and defendant had presented to the State a list of witnesses whom he intended to call. The State itself elicited the five additional names from defendant. In *Sanford* the court went on to cite the rule of *People v. Gray,* 52 Ill.App.2d 177, 201 N.E.2d 756: " 'Where the defendant injects into the case his activities with potential witnesses during a particular period of time ostensibly for the purpose of establishing an alibi for the time of the commission of the crime charged, his failure to produce such witnesses is a proper subject of comment on the part of the State.' " (100 Ill.App.2d 101, 105.) As already noted, the defendant in the case at bar did not inject the names of the potential witnesses into this case. The State also cites *People v. Poole,* 121 Ill.App.2d 233, 257 N.E.2d 583. In *Poole* the prosecution commented on defendant's failure to call two witnesses to corroborate his story. Defendant had testified on direct examination that he was on a particular corner at a particular time with these two witnesses whom he did not call. Defendant

444

himself injected the names of these potential witnesses into the case. The court stated further: "* * * in the absence of an express prohibition every facet which is not improperly before the jury and which may reasonably influence their judgment is a proper subject of comment in argument." (121 Ill.App.2d 233, 241.) It has already been held here that the names of the potential witnesses in the case at bar were improperly before the jury since it was error for the prosecution to elicit these names on cross-examination.

■■ In the instant case it was error both to allow the prosecution to elicit the names of potential alibi witnesses from the defendant on cross-examination and to allow his comments during closing argument regarding defendant's failure to call these same potential witnesses. The prosecution contends the errors complained of were harmless but we believe otherwise. The State's case depended on the identification of defendant by one of the victims in opposition to defendant's claim of alibi. The evidence in support of the prosecution's case is not overwhelming, and we are unable to say the errors which substantially affected the defendant's alibi defense constituted harmless errors.

For the foregoing reasons the judgment of the circuit court of Peoria County is reversed and remanded with directions that defendant be granted a new trial.

Judgment reversed and remanded.

STENGEL and BARRY, JJ., concur.