THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES LEE HAYNES, Defendant-Appellant.

Third District   No. 75-113

Opinion filed September 22, 1976.

Robert Agostinelli and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

After a jury trial defendant, James Lee Haynes, was found guilty of the armed robbery of five named individuals. Judgment of conviction was entered by the circuit court of Peoria County and the defendant was sentenced to a term of from 10 to 30 years to the Department of Corrections.

James Haynes, appellant, and Richard Pfeiffer were jointly indicted by the Peoria County grand jury on five counts of armed robbery. The indictment resulted from the robbery of a rural Peoria County tavern and

its patrons by four gunmen on November 1, 1973. Both defendants retained counsel and proceeded to trial by jury after complying with the court's discovery order by notifying the People that they intended to assert alibi defenses and naming the witnesses in support thereof.

For the purposes of this appeal it is unnecessary to detail the events surrounding the armed robbery or the evidence presented by the prosecution in support of the convictions. Defendant's assignments of error relate to circumstances surrounding his claim of alibi.

In support of his alibi the defendant called his girlfriend, Viola Skaggs. She testified on direct examination that Haynes had spent the evening on which the robbery occurred with her in a trailer in Pekin. On cross-examination the prosecution elicited from this witness the names of Mike Simpson and Mary Bozarth as being persons who had been at the trailer sometime during the evening. Neither Simpson nor Bozarth were called as witnesses by the defendant. The failure of the defendant to call such witnesses was argued to the jury in closing arguments as evidence tending to discredit the defendant's alibi.

During the cross-examination of the defendant the matter of a telephone call to Debbie Skaggs, sister of Viola Skaggs, was elicited in relation to the defendant's activities on the morning following the robbery. Again Debbie Skaggs was not called as a witness by the defendant and the defendant's failure to call her was likewise argued to the jury as discrediting defendant's alibi. Even though they were not called the names of Simpson and Bozarth were listed together with their addresses on the defendant's response to the prosecution's discovery motion for the names of alibi witnesses.

■■ At the time the briefs were filed in this case and at the time oral arguments were held an appeal was pending before the Illinois Supreme Court in *People v. Blakes*, 27 Ill. App. 3d 439, 326 N.E.2d 573. In the *Blakes* case this court held it to be prejudicial error to elicit by cross-examination the names of persons the defendant may have seen and then comment unfavorably upon the failure of the defendant to call such persons to support his alibi. In *People v. Blakes*, 63 Ill. 2d 354, 348 N.E.2d 170, the Supreme Court reversed our holding and approved such procedure. Both parties to this appeal have recognized the decisive precedential nature of the *Blakes* case and consequently the decision of the Supreme Court is determinative of this issue on appeal. Since the Illinois Supreme Court has now approved a nearly analogous procedure in the *Blakes* case the contention of the defendant in this case has now been resolved adversely to him and no basis exists for his claim of error.

■■ On this appeal defendant has also contended that error was committed in the discovery order regarding the listing of alibi witnesses.

We need not discuss this alleged error since the record fails to show that defendant objected to the procedure.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.