NO. 4-96-0065

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,    ) Appeal from

Plaintiff-Appellee,           ) Circuit Court of

v.                            ) Sangamon County

TERRANCE WOODS,              ) No. 94CF597

Defendant-Appellant.          )         

                                        ) Honorable

                                        ) Diane L. Brunton,

                                        ) Judge Presiding.

_______________________________________________________________

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In November 1995, a jury convicted defendant, Terrance Woods, of first degree murder, home invasion, and armed rob­bery (720 ILCS 5/9-1, 12-11, 18-2 (West 1994)).  The trial court later sen­tenced him to con­secu­tive terms of 60, 30, and 30 years in pris­on­, re­spec­tive­ly.  Defendant ap­peals, argu­ing only that the pros­e­cutor com­mitted re­vers­ible error by com­menting dur­ing clos­ing argument on defendant's fail­ure to call an alibi wit­ness.  We affirm.

I.  BACKGROUND

We review the trial evidence only to the extent nec­es­sary to put defendant's argument in context.  Spring­field police officer Tim Young testi­fied that as part of his investigation into the murder of Bill Meyers, Young questioned defen­dant, who told Young that on the night of the murder he had been at his mother's house with his moth­er, Dorothy Wil­liams, and his girl­friend, Ira Jean Bolden.  At trial, defendant presented an ali­bi defense through the testimony of Williams, who cor­rob­o­rated the story defen­dant gave Young.  De­fen­dant did not tes­ti­fy. 

During closing argument, the prosecutor made the fol­low­ing comments:

"But remember what the [d]efendant said to the police.  He said my mother and my girl­friend, [Bolden], can back up my sto­ry.  They can verify that I was home all day at my mother's house.

     And we heard a little bit about [Bolden].  ***  [B]ut at some point, somebody decided that they didn't want you to hear what [Bolden] had to say."

Defendant objected but the trial court over­ruled the ob­jec­tion, not­ing that defense counsel had indicated in his open­ing state­ment that he would call Bolden to testify re­garding defen­dant's where­abouts on the night of the shooting.  In fact, de­fense coun­sel had made no mention of Bolden as an alibi witness in opening statement.  

II.  THE PROSECUTOR'S CLOSING ARGUMENT 

Defendant argues the prosecutor committed revers­ible error by commenting during clos­ing argument on defendant's fail­ure to call Bolden as an alibi witness.  The State concedes the trial court mischaracterized defendant's opening statement but ar­gues that the prosecutor's com­ments were nev­ertheless prop­er in light of Williams' testimo­ny.  We agree with the State.

In 
People v. Fly
, 249 Ill. App. 3d 730, 736, 619 N.E.2d 821, 825 (1993), quoting 
People v. Eddington
, 129 Ill. App. 3d 745, 777, 473 N.E.2d 103, 125 (1984), this court wrote the fol­low­ing:

"'As a general rule, it is improper for the prosecution to comment on a defendant's fail­ure to present witnesses when such witnesses are equally accessible to both parties.  [Citation.]  An exception to the rule exists where potential alibi witnesses are inter­jected into the case by the defendant but are not produced at trial.'"
 

Further, in 
People v. Kubat
, 94 Ill. 2d 437, 498, 447 N.E.2d 247, 275 (1983), the supreme court addressed the defendant's conten­tion that the prosecutor improperly commented upon the defendant's fail­ure to present an alibi witness where the State ini­tial­ly had brought out at trial the name of the defendant's ali­bi.  In 
Kubat
, a police of­ficer testi­fied that in re­sponse to officers' ques­tions after his ar­rest, the defendant stated that he was with a fe­male friend in anoth­er state on the date of the offense.  A wit­ness later testi­fied for the defense that she saw the female friend with a man fitting defendant's description on either the day before or the day of the of­fense.  Consistent with 
People v. Blakes
, 63 Ill. 2d 354, 348 N.E.2d 170 (1976), the su­preme court in 
Kubat
 (94 Ill. 2d at 498, 447 N.E.2d at 275) held that "where a de­fen­dant in­jects into the case the name of an alibi witness and then fails to call the witness, the pros­ecu­tor may legiti­mately com­ment on the lack of such evi­dence al­though it may not be re­lied upon as proof of the charge."

In 
Blakes
, the supreme court held that it was not im­proper for the prosecutor to comment on the defendant's failure to produce any witnesses from the club where the defendant had tes­ti­fied he spent five hours on the night of the offense.  The su­preme court rea­soned as fol­lows:

"'[I]f it is developed in a trial that a witness exists, presum­ably under the control of a defendant, who can throw light upon a vital matter, and he is not produced, cer­tainly a jury may fairly consider that fact, and, likewise, counsel would have a legiti­mate right to comment thereon.  ***

*** [T]hough failure to call a witness or produce evidence may not be relied on as substantial proof of the charge, nonetheless, if other evidence tends to prove the guilt of a defendant and he fails to bring in evidence within his control in explanation or refuta­tion, his omission to do so is a circumstance entitled to some weight in the minds of the jury, and, as such, is a legitimate subject of comment by the prosecution.'"  
Blakes
, 63 Ill. 2d at 359-60, 348 N.E.2d at 174,
 quot­ing 
People v. Williams
, 40 Ill. 2d 522, 528-29, 240 N.E.2d 645, 649 (1968).

Here, although the State initially brought up defendant's alibi when Young testified about his con­ver­sation with defendant at the detective bureau, de­fen­dant clear­ly in­ject­ed Bolden's name into this case when Williams tes­ti­fied for the de­fense that de­fen­dant had been with her and Bolden on the night of the mur­der.  Also, we note that de­fen­dant had indi­cat­ed his intention to in­ject Williams and Bolden into the case as alibi wit­ness­es irrespec­tive of any State wit­ness' testi­mony.  Prior to trial, defen­dant dis­closed to the State that he intended "to ten­der an alibi de­fense at any hearing or trial in this mat­ter," and he spe­cif­ical­ly listed Bolden and Williams as two of four alibi wit­ness­es.  See
 
People v. Nevitt
, 135 Ill. 2d 423, 451, 450, 553 N.E.2d 368, 379 (1990) (where the su­preme court held that the prosecutor improp­erly commented on defendant's failure to call alibi wit­nesses "when there is no that evidence a witness ex­ists" and "[d]efendant's only ref­er­ence to an alibi was con­tained in a pretrial pleading not in evidence").  

Under these circumstances--where defen­dant clear­ly in­ject­ed Bolden's name into this case through Williams' testimony--we con­clude that the prosecutor's com­ments re­gard­ing defendant's fail­ure to call Bolden as an alibi wit­ness were not im­proper
.  
  

In so concluding, we note that the cases de­fen­dant relies upon are inap­po­site.  In 
Eddington
 (129 Ill. App. 3d at 776-77, 473 N.E.2d at 125), this court held that the prosecu­tor com­mit­ted revers­ible error by commenting on the defendant's fail­ure to call three alibi wit­nesses.  However, crucial to this decision was the fact that the exis­tence of these potential alibi witness­es was in­ter­jected into the case 
solely
 through a witness for the State.  As the 
Eddington
 court noted, "the 
only evi­dence that [the three po­tential wit­nesses] could offer alibi tes­ti­mo­ny was elic­ited by the State 
from its own witness."  
Eddington
, 129 Ill. App. 3d at 777, 473 N.E.2d at 125.  In con­trast, here, de­fen­dant called Williams to testify in sup­port of his ali­bi, and she tes­ti­fied de­fen­dant was with her and Bolden on the night in ques­tion.

To the extent 
People v. Lawrence
, 259 Ill. App. 3d 617, 631 N.E.2d 852 (1994), holds that this court's decision in 
Eddington
 stands for anything more than the propo­sition that the State may not comment on a defendant's failure to produce alibi witnesses when the State, and the State 
only, sug­gests such alibi wit­nesses exist, we decline to follow it.  Moreover, we note that in 
Law­rence
--unlike the present case--the defendant had attempted to sub­poena at least one of the alibi wit­nesses upon whom the State had comment­ed in clos­ing, and the evi­dence was close and came down to the complainant's testi­mony versus the defendant's. 

People v. Popely
, 36 Ill. App. 3d 828, 345 N.E.2d 125 (1976), is likewise distinguishable.  In 
Popely
, the court con­cluded that the defendant was denied a fair trial by the prosecu­tor's prejudicial comments regarding the defendant's fail­ure to call a potential third-party wit­ness to the crime.  
Popely
 in­volved an 
occur­rence
 witness, not an alibi wit­ness who could be expected to testify favor­ably to the defen­dant.  The court in 
Popely
 specifically noted that the defen­dant "in no way indi­cated that this third party would sup­port his theory of the case."  
Popely
, 36 Ill. App. 3d at 836, 345 N.E.2d at 131.   

In sum, the pros­ecution may prop­erly comment on a defendant's fail­ure to call alibi wit­ness­es in certain circum­stances.  In general, the State may do so when­ever the de­fen­dant has in­ject­ed the existence of such wit­nesses into a case.  A defendant may do so by sug­gest­ing in open­ing argu­ment that such wit­ness­es exist and will be pro­duced at trial.  He may also in­ject alibi witness­es into a case through the testi­mony of other defense wit­nesses (as in this case) or his own tes­timony.  We fail to see what dif­fer­ence it makes wheth­er the de­fen­dant is testify­ing on cross-exami­nation or on direct--in ei­ther case he chooses to take the wit­ness stand vol­untarily.  
See 
People v. 
Talley
, 152 
Ill. App. 3d 971, 984, 504 N.E.2d 1318, 1326 (1987) (when a defendant gives such limit­ed testimony on direct "that the as­sertion of an alibi, as well as the names of poten­tial alibi witnesses, are raised first on cross-examination, he is not auto­matically insu­lated from the infer­ences which natu­rally flow from" his failure to present those wit­ness­es); see also 
People v. Anderson
, 250 Ill. App. 3d 439, 454, 620 N.E.2d 1281, 
1291 (1993) (prosecutor prop­erly com­mented on defendant's failure to call an alibi wit­ness where prosecutor brought out name of the alibi wit­ness on cross-exami­nation of defendant).  To the extent 
People v. Mays
, 3 Ill. App. 3d 512, 277 N.E.2d 547 (1972), holds other­wise, we decline to follow it.  Nor does it mat­ter that a State wit­ness 
ini­tial­ly sug­gests po­ten­tial alibi wit­nesses to the trier of fact.  Only where the 
sole evi­dence of an alibi is intro­duced through a State wit­ness is the prosecu­tion pre­cluded from mak­ing simi­lar com­ments.  
Eddington
, 129 Ill. App. 3d at 777, 473 N.E.2d at 125.

Nonethe­less, we note that t
he issue before this court--name­ly, to what ex­tent can the pros­ecutor comment upon the defendant's fail­ure to call an alibi witness who was first in­jected into the case as a result of the testimony of a State witness--should never have arisen.  In­deed, the issue should never have arisen in 
any of the following cases where similar events oc­curred because it makes no sense for the State 
ever
 to present a defendant's alibi through the State's witness­es:  
Kubat
 (94 Ill. 2d at 498, 447 N.E.2d at 275 (where the State ini­tial­ly had brought out at trial the name of the defendant's ali­bi wit­ness yet a defense witness also testi­fied regarding defendant's alibi, the prosecutor properly commented upon defendant's failure to call the witness)); 
Eddington
 (129 Ill. App. 3d at 777, 473 N.E.2d at 125 (where the only evi­dence of defendant's alibi wit­nesses was in­tro­duced through a State wit­ness, the prosecutor improp­erly commented upon defendant's failure to call alibi wit­nesses)); and

Lawrence
 (259 Ill. App. 3d at 627-28, 631 N.E.2d at 860 (where the State ini­tial­ly had brought out at trial the defendant's ali­bis and defendant later testi­fied regarding numerous alibi wit­nesses, the pros­e­cu­tor im­prop­er­ly com­ment­ed upon defendant's failure to call alibi witnesses)).   

 In the present case, for example, Young testi­fied that he arrested defendant, who then said that he was not in­volved in the murder nor did he know anything about it.  He fur­ther told the officer that, al­though he knew his alleged ac­com­plices, he had not seen them for a month.

After eliciting this testimony, the prosecutor then asked Young if defendant said where he was on the evening in ques­tion.  In response, Young testified that defen­dant told Young of the purported alibi, iden­ti­fying his mother and Bolden as his ap­par­ent alibi wit­ness­es.  

The record reveals no possible benefit to the prosecu­tor's eliciting defendant's purported alibi from the police offi­cer.  Not only was doing so bad trial tactics, it also provid­ed defen­dant with his only argument that revers­ible error had been com­mitted by the prose­cu­tor during his closing argument when he commented upon defendant's failure to call Bolden to testify.  

Defendant would have had no basis to chal­lenge the prosecutor's closing argu­ment on this point if the prosecu­tor had not initially pre­sented defendant's alibi.  
Only
 be­cause the pros­e­cu­tor first elicited reference to Bolden through the officer does this court now have to address the issue regarding the al­leged­ly im­proper closing argument.

Had the prosecutor not asked the officer about defendant's where­abouts on the evening in question--thus estab­lish­ing defendant's alibi through the officer's testimony--defen­dant would not have been permitted on cross-examination of the officer to elicit the same testimony.  That is because statements made by a party oppo­nent are admissible as an exception to the hearsay rule if otherwise relevant (
People v. Shaw
, 278 Ill. App. 3d 939, 951, 664 N.E.2d 97, 105 (1996))--here, the State could in­tro­duce defendant's state­ments--but the party himself cannot intro­duce his prior state­ments (
People v. Patterson
, 154 Ill. 2d 414, 452, 610 N.E.2d 16, 33 (1992) ("[s]elf-serving statements by an ac­cused are inadmissible hearsay"); 
People v. Barnwell
, 285 Ill. App. 3d 981, 989, 675 N.E.2d 148, 154 (1996) (criminal defendant's ex­cul­pa­to­ry state­ments made to police constitute inadmissible hear­say, as would be the case with any out-of-court, self-serving declara­tion by a party not subject to any exception recognized by the hearsay rule); M. Gra­ham, Cleary & Graham's Hand­book of Illi­nois Evi­dence §802.1, at 669-72 (6th ed. 1994)).  In al­most all cir­cum­stanc­es, if a defen­dant wish­es to inform the trier of fact of where defen­dant 
per­sonally
 claims to have been when the crime at issue was com­mit­ted, he must tes­ti­fy at tri­al. 

Perhaps uncertainty by prosecutors regarding this rule accounts for the large number of cases in which the State first pres­ents the defendant's alibi through witnesses for the State.  As a mat­ter of sim­ple trial tactics, trial law­yers--including prose­cu­tors--should ask them­selves when con­duct­ing direct exami­nation of the witness­es they call, "how does elicit­ing the fol­lowing infor­ma­tion help my case and damage the other side?"  Judged accord­ing­ly, for a pros­ecutor to elicit a defendant's alibi through State witness­es simply makes no sense. 

III. DEFENDANT'S SUPPLEMENTAL 
PRO
 
SE
 BRIEF 

In January 1996, the trial court appointed the office of the State Appellate Defender (OSAD) to represent defen­dant.  In December 1996, OSAD filed a brief on defendant's behalf in this case.  De­fen­dant subsequently filed a 
pro
 
se
 sup­plemental brief, which set forth several issues OSAD did not raise.  In 
Peo­ple v. Handy
, 278 Ill. App. 3d 829, 836, 664 N.E.2d 1042, 1046 (1996), this court held that a 
pro
 
se
 motion filed while defen­dant in a crimi­nal case is rep­resented by coun­sel is "not prop­erly be­fore the court."  In 
Handy
, this court wrote:

"'[A trial court has] no responsibility to entertain [a] defendant's 
pro
 
se
 motions during the time he was represented by coun­sel.  ***  A defendant, when represented by competent counsel, must not be permitted to proceed unfettered, to file a stream of 
pro
 
se
 motions ***. ***

***

*** [A] defendant is not entitled to a "hybrid trial" where he alternates between proceeding 
pro
 
se
 and being represented by counsel.'"  
Handy
, 278 Ill. App. 3d at 836, 664 N.E.2d at 1047, quoting 
People v. Pondexter
, 214 Ill. App. 3d 79, 87-88, 573 N.E.2d 339, 345 (1991).

In 
People v. Neal
, 286 Ill. App. 3d 353, 355, 675 N.E.2d 130, 131 (1996), this court held that a 
pro
 
se
 motion to reduce sentence filed while the defendant was represented by appellate counsel was not prop­er­ly be­fore the trial court.  In so hold­ing, this court wrote as follows:

"[D]efendant had the benefit of trial coun­sel who did not deem the filing of a motion to reduce sentence to be appropri­ate.  The de­fendant had the benefit of the original ap­peal upon all of the issues OSAD chose to raise.  Moreover, we note that OSAD, on this appeal, rejected the grounds set forth in defendant's 
pro
 
se
 motion."

Although 
Handy
 and 
Neal
 address matters at the trial level, their rule ap­plies equally at the appellate level.  If a de­fen­dant is repre­sent­ed by appellate counsel (either appointed or private), he has no right to a "hybrid ap­peal" in which he alter­nates be­tween being represented by counsel and pro­ceeding 
pro
 
se
 by fil­ing a 
sup­ple­men­tal 
pro
 
se
 brief.  Thus, on this court's own mo­tion, we strike defendant's 
pro
 
se
 brief and de­cline to address it or consider it in any way.  

IV. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT, J., concurs.

COOK, J., dissents.

JUSTICE COOK, dissenting:

Judges in civil cases should be reluctant to give a missing witness instruction (Illinois Pattern Jury Instruc­tions, Civil, No. 5.01 (3d ed. 1995) (hereinafter IPI Civil 3d No. 5.01)) unless the witness is truly acces­sible only to one party.  Cases should be decided on the basis of the evidence presented, not by bickering over who is to blame for supposed evidence not pre­sent­ed.  If a party is com­pelled to call all possible wit­ness­es in order to avoid the missing witness instruc­tion, cumula­tive testimony and unduly lengthy trials will be the result.  In crim­i­nal cases judges must be even more careful than in civil cases.  There is no missing witness in­struc­tion in crim­i­nal cases, and comment on missing wit­ness­es may violate (1) the defendant's right to remain silent and (2) the defendant's pre­sumption of inno­cence, as 
it is impermis­sible for the prose­cution to attempt to shift the burden of proof to the defendant.  The State has the burden of proving defendant guilty beyond a reason­able doubt as to an alibi defense together with all the other elements of the offense.  720 ILCS 5/3-2(b) (West 1994).     Apart from alibi cases, it is generally improper for the prosecu­tion to comment on an accused's failure to call a wit­ness.  
People v. Adams
, 109 Ill. 2d 102, 120, 485 N.E.2d 339, 345 (1985).  It is impermissible for the prosecution to attempt to shift the burden of proof to the defense.  The defense is under no obliga­tion to present any evidence.  
People v. Phillips
, 127 Ill. 2d 499, 527, 538 N.E.2d 500, 511 (1989).  
However, the pros­ecu­tion may comment on the fact that pieces of evidence stand unde­nied or unex­plained.  
Fly
, 249 Ill. App. 3d at 736-37, 619 N.E.2d at 825; 
People v. Brown
, 222 Ill. App. 3d 703, 718, 584 N.E.2d 355, 365-66 (1991).  Where the prose­cu­tion has pre­sent­ed evi­dence tending to show guilt and defendant "fails to bring in evidence within his control in explanation or refuta­tion, his omission to do so is a circum­stance entitled to some weight in the minds of the jury, and, as such, is a legiti­mate subject of comment by the prosecu­tion."  
Williams
, 40 Ill. 2d at 529, 240 N.E.2d at 649 (ballis­tics expert testified regarding gun similar to defendant's; defen­dant failed to produce his gun for tests); 
Brown
, 222 Ill. App. 3d at 718, 584 N.E.2d at 365-66; 
People v. Howard
, 147 Ill. 2d 103, 147, 588 N.E.2d 1044, 1062 (1991).  It is more likely that 
evidence
 will be under defendant's control than it is that 
witnesses
 will be under defendant's control.  Where the comment is not direct­ed to partic­u­lar evi­dence or a particu­lar theory, but to defendant's general failure to produce evi­dence, there is error.  
Nevitt
, 135 Ill. 2d at 451-52, 553 N.E.2d at 379 (remarks focused "on the absence of wit­nesses to show where the defendant was at that time"); 
Phil­lips
, 127 Ill. 2d at 527, 538 N.E.2d at 511 (once a defendant has presented evidence, that evidence is within the reach of appro­pri­ate com­ment).    

There are suggestions in some of the older cases that comment is always appropri­ate when the defendant fails to call an alibi witness, whether or not that witness is equally accessible to the prosecution, that the only question is whether the "de­fendant injects into the case the name of an alibi wit­ness."  
Kubat
, 94 Ill. 2d at 498, 447 N.E.2d at 275; 
Mays
, 3 Ill. App. 3d at 514, 277 N.E.2d at 548 (poten­tial alibi witness­es are "deemed unavailable" to the prosecu­tion).  If that is cor­rect, then a defendant in a civil case has more protection than a defendant in a criminal case.  Comment is improper in a civil case where the witness is equally available to the adverse party.  See IPI Civil 3d No. 5.01.  If the witness' testimony would be favorable, the party should call that witness, not complain that the other party has not done so.    

There was a time when 
the prose­cu­tion in a crimi­nal case was unfair­ly disad­van­taged with regard to alibi defens­es.  As the court said in 
People v. Sanford
, 100 Ill. App. 2d 101, 105, 241 N.E.2d 485, 487 (1968):

"There is nothing in the record to indicate

that the State knew prior to defendant's tes-

timo­ny that he would claim an alibi or whom 

he would name as witnesses to support his 

story that he was in another place at the 

time of the crime.  The defendant knew who 

they were and could have had them on hand, 

the State could not.  After the witnesses 

were named, the trial would have had to be 

re­cessed, perhaps to some other day, for the 

State to have subpoe­naed them."  

Those prob­lems were eliminated, howev­er, once Supreme Rule 413 (134 Ill. 2d R. 413) was interpret­ed to require advance disclo­sure of alibi defens­es.  See 
People ex rel. Carey v. Strayhorn
, 61 Ill. 2d 85, 329 N.E.2d 194 (1975).  

In the days when a party could not impeach his own witness, there was an additional danger in calling a witness with ties to the adverse party.  Even if that witness could be located and brought into court, there was always the possibility that the witness would commit perjury, and the party calling the witness would be stuck with the testimony.  Under Rule 238 (134 Ill. 2d R. 238), howev­er, effective April 1, 1982, the credibility of a witness may be at­tacked by any party, including the party calling him.  The rule allows the party calling such a witness to impeach him by proof of prior inconsis­tent statements.  The same rule applies in criminal cases.  See 134 Ill. 2d R. 433.  The mere fact that poten­tial alibi wit­nesses are listed in defendant's discov­ery answers does not establish that they are more accessi­ble to the defense than to the prose­cu­tion.  
Law­rence
, 259 Ill. App. 3d at 626-27, 631 N.E.2d at 859; 
cf
. 
People v. Navarrete
, 258 Ill. App. 3d 39, 46, 629 N.E.2d 742, 747 (1994) (witness not equally available if witness would likely be biased against the State).  If a defense alibi witness refuses to speak to the pros­e­cu­tion, however, the witness should be consid­ered inac­ces­sible to the prose­cu­tion.           

The more recent cases make it clear that alibi witness­es must in fact be unavailable to the prosecu­tion before the prose­cu­tion may comment on their absence.  
People v. Bramlett
, 276 Ill. App. 3d 201, 205-06, 658 N.E.2d 510, 514 (1995); 
People v. Alexander
, 184 Ill. App. 3d 855, 863-64, 540 N.E.2d 949, 954 (1989); 
Eddington
, 129 Ill. App. 3d at 777, 473 N.E.2d at 125.  Both in alibi cases and in nonalibi cases it must be shown that the witness is more accessi­ble to the defen­dant or under the defendant's control before the prosecutor may com­ment on defendant's failure to call him.  

Witnesses are accessible only to the defendant where the defen­dant refers to them by their first names only and dis­closes neither an address nor a telephone number.  
Bramlett
, 276 Ill. App. 3d at 206, 658 N.E.2d at 514; 
Adams
, 109 Ill. 2d at 112-13, 485 N.E.2d at 341 (defendant said he was with Shirley McClaine, but police found no evidence of a person by that name, and defendant refused to take them to her home).  When the dis­clo­sure is not made until trial, comment is appropri­ate.  
Ander­son
, 250 Ill. App. 3d at 453, 620 N.E.2d at 1291 (no mention of Bobby Green until the prosecutor asked defendant at trial "who were you with?"); 
Talley
, 152 Ill. App. 3d at 984, 504 N.E.2d at 1326 ("alibi witnesses first asserted by the defen­dant in re­sponse to cross-examination by the State").  Both aspects of accessibility, lack of identification and late disclo­sure, were present in 
Blakes
 (63 Ill. 2d 354, 348 N.E.2d 170).  In 
Blakes
, 
defen­dant during discov­ery named four persons who could establish his whereabouts at the time of the robbery, including the manager of the Inman Hotel.  At trial, however, defen­dant testified he was at Neal's Lounge at the time of the rob­bery.  On cross-exami­na­tion defen­dant named several people who were there, whom he had not named before, and "a lot of others, but I can't remem­ber everybody's name."  
Blakes
, 63 Ill. 2d at 357, 348 N.E.2d at 172.  The prosecution was accord­ingly allowed to comment on defendant's failure to call alibi witnesses. 

Even where the issue of alibi is injected by the de­fense, and even where the witness is inaccessible to the prose-cution, there are situations where comment is improper.  Comment is not allowed where the witness is inaccessible both to the prosecution and to the defense.  
Bramlett
, 276 Ill. App. 3d at 206, 658 N.E.2d at 514; 
Law­rence
, 259 Ill. App. 3d at 627, 631 N.E.2d at 859 (defendant attempted to subpoena witness, but ad­dress was incor­rect).  Comment is not appro­pri­ate where there is a reason for defendant's failure to call the witness, such as where the witness could be impeached with a felony conviction.  
Lawrence
, 259 Ill. App. 3d at 627, 631 N.E.2d at 859.  Comment is not appropriate where the unproduced witness' testi­mony would be merely cumula­tive.  
Chuhak v. Chicago Transit Authority
, 152 Ill. App. 3d 480, 489, 504 N.E.2d 875, 881 (1987).  In contrast to prosecutors, defen­dants are allowed to comment on the prosecution's failure to call a witness only where the uncalled witness has testimony unique to the case.  
Fly
, 249 Ill. App. 3d at 738, 619 N.E.2d at 826.

Nothing suggests Bolden was inac­cessi­ble to the prose­cution in this case.  Defendant had listed Bolden's name and address in his response to discovery.  Bolden was both identified and timely disclosed.  If the prosecution truly believed that Bolden would have refuted defendant's alibi, the prosecution would have called her to do so and not relied on a negative in­ference.  

The majority opinion limits its discussion to whether the alibi defense here was injected into the case by defendant or the prosecution.  A defendant consider­ing an alibi defense must weigh the possibili­ty that the jury will convict him, not because it believes the prosecution case, but because it disbelieves his evidence of alibi.  
United States v. Robinson
, 602 F.2d 760, 762 (6th Cir. 1979) (instruction should explain that is improp­er); see also 2 C. Wright, Federal Prac­tice & Proce­dure §491 (2d ed. 1982).  It is wrong for the prose­cu­tion to inject into the trial a defense that the defen­dant chooses not to make, just so the prosecution may comment on the defendant's failure to produce witnesses.  The majori­ty offers some advice to prose­cutors that they should avoid pre­senting alibi evidence.  My guess is that prose­cutors know better than we do what works with a jury and that the frequent mention of alibis by prosecution wit­nesses is no acci­dent.  

Giving notice of a poten­tial alibi defense does not obligate defendant to present that defense.  
Nevitt
, 135 Ill. 2d at 450, 553 N.E.2d at 378-79 (error to comment; defendant's only refer­ence to alibi contained in a pretrial pleading not in evi­dence).  That is not to say that the prose­cu­tion must ignore a defendant's pretri­al statement that he was with X at the time the offense was commit­ted.  The prose­cutor certainly may call X as a witness to deny that defen­dant was with him and the prose­cutor no doubt would do that if that is what X would say.  

The cases that have sought to prevent the prosecu­tion from injecting the alibi defense (or prevent the defense from in­jecting it while avoiding comment on it) have attempted to lay down some rules that have not worked well.  A defendant in fact may interject the defense without taking the stand, by simply calling the alibi witness.  A defendant who does take the stand should not be allowed to avoid cross-examination on his statement that he was not at the crime scene.  
Talley
, 152 Ill. App. 3d 971, 504 N.E.2d 1318; 
Anderson
, 250 Ill. App. 3d at 453, 620 N.E.2d at 1291 ("[w]ho 
were
 you with?" (empha­sis added)).  In these cases, I would allow the prose­cu­tion to comment on defendant's failure to call alibi witnesses, if they were not equally acces­sible to the prosecu­tion.  
Cf.
 
Kubat
, 94 Ill. 2d at 498, 447 N.E.2d at 275 (only question is whether "defendant in­jects into the case 
the
 
name
 of an alibi witness" (emphasis add­ed)); compare 
Anderson
, 250 Ill. App. 3d at 454, 620 N.E.2d at 1291.      

The majority suggests it does not matter that a State's witness initially suggests potential alibi witnesses to the trier of fact and that defendant calls an alibi witness in response; that the prosecutor should be allowed to com­ment in that situa­tion.  The cases have consis­tently used the word "in­ject" or "interject" in addressing this issue, which indicates they are concerned with who first brings the issue into the case.  In the present case, the prose­cutor cer­tainly injected the alibi defense and the names of the alibi witnesses.  If defen­dant had not then called his mother, the prose­cu­tor would have com­ment­ed, not just that defen­dant did not produce Bolden but that defen­dant did not produce either wit­ness.  Perhaps the trial court would have sus­tained an objec­tion at that point, but the message would have been re­ceived by the jury.  

Comments that improperly suggest to the jury that de­fen­dant has a burden to prove his innocence are a serious mat­ter and amount to constitutional error.  In some cases, the ap­pellate court has re­versed for a new trial even though the trial court sus­tained an objec­tion to the com­ment.  
Lawrence
, 
259 Ill. App. 3d at 628, 631 N.E.2d at 860; see 
Eddington
, 129 Ill. App. 3d at 777, 473 N.E.2d at 125 (error not cured by general instruc­tions on purposes of argument and burden of proof).  In 
Nevitt
, the supreme court stated that the comment could not have been a mate­rial factor in defen­dant's conviction where the court had the victim's statement and defen­dant had signed several confessions.  
Nevitt
, 135 Ill. 2d at 453, 553 N.E.2d at 380.  In 
Fly
, where the trial court eventually gave a curative instruction and an under­cov­er police offi­cer testified that defendant had purchased co­caine from him, the appel­late court held that defen­dant had suf­fered no preju­dice.  
Fly
, 249 Ill. App. 3d at 737, 619 N.E.2d at 825-26.  In the present case, the prosecution's action was inten­tion­al, there was no curative instruction, and the court's over­ruling of the defense objection reinforced the jury's impres­sion that it could proper­ly consider defendant's failure to call Bolden.  There was testimony from Jason Smith and Shain Ford that defen­dant was the one who killed the victim, but Smith and Ford were accomplices with a motive to exonerate themselves.  I cannot say the error here was harmless beyond a reasonable doubt.  I would reverse and remand for a new trial.